[No. 7,968.—Department One.]
May 17, 1882.

S. H. HARMON ET AL. *v.* GUSTAVUS S. ASHMEAD ET AL.

FORECLOSURE OF MECHANIC'S LIEN—LIEN—PREMATURE ACTION.—In an action by several plaintiffs (under § 1195, C. C. P.) to foreclose separate mechanics' liens, it was alleged with reference to each cause of action that the defendant promised to pay the agreed amount "upon the completion of the building;" and also that at the time of the commencement of this action the building was not completed.

*Held:* There can be no foreclosure of a lien until the debt for which the lien is made and held as security has become payable.

ID.—PLEADING—WAIVER OF DEFECTS CURED BY VERDICT OR DEFAULT.—Defects in the statement of a cause of action may be cured by failing to answer or by verdict, but not a defective cause of action.

APPEAL from a judgment for the plaintiff and from an order denying a new trial in the Superior Court of the City and County of San Francisco. EVANS, J.

*J. F. Cowdery* and *Wm. H. Fifield,* for Appellants.

The complaint fails to state a cause of action; indeed it shows on its face that no cause of action has yet accrued. (C. C. P. § 434; *Rogers* v. *Shannon,* 52 Cal. 107–8; *Haskell* v. *Moore,* 29 id. 438–9; *Campbell* v. *Jones,* 38 id. 508; *Hoag* v. *Warden,* 37 id. 522; *Abbe* v. *Marr,* 14 id. 210; *Choynski* v. *Cohen,* 39 id. 502.) A mechanic's lien cannot be foreclosed until the debt for which it is security has become payable. The complaint must show a cause of action. (*Hardin* v. *Marble,* 13 Bush, Ky. 58; *Preusser* v. *Florence,* 4 Abb. New Cases, N. Y. 136; *Washington Township* v. *Bonney,* 45 Ind. 77; *Armstrong* v. *Rockwood,* 53 id. 506; *Gilbert* v. *Marshall,* 56 Ga. 148; *Campbell* v. *Jones,* 38 Cal. 508; *Frisch* v. *Caler,* 21 id. 71; *Roberts* v. *Treadwell,* 50 id. 520; *Hoag* v. *Warden,* 37 id. 522; *Bohall* v. *Diller,* 41 id. 532; *Kelly* v. *Mack,* 45 id. 303;

*Choynski* v. *Cohen,* 39 id. 502; *Abbe* v. *Marr,* 14 id. 210; *Rogers* v. *Cody,* 8 id. 324; *Jolley* v. *Plant,* 1 McArthur's Rep. 93; *Alexandria R. R. Co.* v. *Nat. Junc. R. R. Co.,* 1 McArthur's Rep. 203.)

*E. S. Pillsbury,* for Respondents.

If the action appeared on the face of the complaint to be prematurely brought, it might be ground for demurrer or defense by way of a plea in abatement, but in the absence of these and it appearing on the face of the complaint that the money was owing to respondents and unpaid, and that they had performed their several contracts on their part, there is sufficient to support the judgment; the objections must have been taken in the Court below, and will be deemed by this Court to have been waived. (*Hillman* v. *Newington,* 57 Cal. 56; *Bank of Stockton* v. *Howland,* 42 id. 129, 134; *Hentsch* v. *Porter,* 10 id. 555; C. C. P. § 1190.)

McKEE, J.:

In this case eight persons claiming separate mechanics' liens upon the property described in the complaint, brought a single suit to foreclose them, pursuant to Section 1195 of the Code of Civil Procedure, which permits any number of persons claiming liens upon a building or structure to join, as plaintiffs in one action, to establish and enforce their several liens. Of the defendants to the action Ashmead made default. The others answered by specifically denying some of the allegations of facts which constituted the eight causes of action contained in the complaint.

Substantially, the allegations of each of the causes of action are that Ashmead, being the equitable owner and in possession of the premises upon which it is sought to establish the several liens, was engaged in building a house on the premises; that, at his instance and request, the plaintiffs, severally, verbally agreed to furnish him with building material to be used in its construction, for which he undertook and promised to pay each of them, in gold coin, "upon the completion of the building," the market value of the materials at the time they were furnished and delivered. Each of the plaintiffs performed his agreement by delivering to Ashmead,

from time to time, between April, 1877, and April 1, 1878, the materials which he contracted to furnish, and they were used by Ashmead in the construction of the building; that, at the time they were delivered, they were of the market value of the sum specified in the complaint; that this sum was unpaid April 1, 1878, and, to secure payment thereof, each of the plaintiffs, on April 6, 1878, and "within sixty days after the completion of said building," filed and recorded his claim of a mechanic's lien duly verified according to Section 1187, C. C. P.; but it is also alleged "that, at the time of the commencement of this action (June 24, 1878), the building or structure was not completed."

There is no denial of the last allegation by the answer on file, or of the terms of the contract between the builder and the material-men. The issuable averments on those subjects are therefore admitted by all parties to the controversy. No reason is assigned for the non-completion of the building. It is not alleged that Ashmead abandoned the work, or broke the contract between him and the material-men; or that he and they, subsequently to the making of the same, changed or modified it in any respect. The pleader admits that it was unchanged and unaltered, and that, at the commencement of the action, the debt had not become due according to the terms of the contract; there was therefore no breach of contract and no cause of action.

It is familiar law that there can be no foreclosure of a lien until the debt for which the lien is made and held as security has become payable. In such an action, as in all other actions, the complaint must show a cause of action, otherwise it will not support a judgment; right in the plaintiff and a co-relative wrong in the defendant are essential elements in every law suit. (*Kinsey* v. *Wallace*, 36 Cal. 463; *Abbe* v. *Marr*, 14 id. 210; *Choynski* v. *Cohen*, 39 id. 502; *Frisch* v. *Caler*, 21 id. 71; *Roberts* v. *Treadwell*, 50 id. 521.)

But it is urged that as Ashmead made default, and the others did not interpose a demurrer to the complaint, or a plea in abatement, that the defect in the statement of the cause of action was waived, and cured by the finding and judgment of the Court below. Of course, irregularities or defects in the statement of a cause of action may be waived by failing to

answer, or by answering to the merits.    But in the complaint
in this case there is neither irregularity nor defect in the
statement of the plaintiffs' cause of action as to the terms of
the contract, or the time for its performance.    Performance
was due when the building was completed; but, as the plaint-
iffs allege, "the building has not been completed," therefore,
although liens may have attached to the building as security
for the value of the materials furnished by the material-men,
and which were used in the building, the time for payment
had not arrived when the plaintiffs commenced their action.
These allegations are not a defective statement of a cause of
action; on the contrary, they are a perfect statement of a de-
fective cause of action, and a defective cause of action is not
cured by failure to answer or by verdict.    (*Wheatley* v. *Lane*,
1 Wm. Saund. 218, *a*. note; *Lincoln* v. *Iron Co.*, 103 U. S. 412;
*Abbe* v. *Marr*, and *Choynski* v. *Cohen*, *supra*.)

On the face of the complaint the contract, as originally
made by the owner of the building and the material-men,
was in full force at the commencement of the action.    In point
of fact it was either in that condition or it had been varied
or terminated before the time for payment had arrived ac-
cording to its terms.    If it had been terminated or varied by
any of the modes known to the law—either by an abandon-
ment, or by mutual consent of the parties to the contract, or
otherwise, it should have been stated by suitable averments,
for the rights of the parties depend on the mode in which it
was changed or terminated.    In the absence of such averments
the contract as alleged remains in full force, and as the time
for performance according to its terms has not arrived, it is
not broken and there is no cause of action.    While a contract
remains in force the rights and remedies of the parties to it
are determined according to its terms.

The judgment and order must therefore be reversed ; and
as it has been urged on the argument that the contract was
in fact terminated before the suit was commenced, the plaint-
iffs will have an opportunity, upon the going down of the re-
mittitur, to apply to the Court below for leave to amend their
complaint.

Judgment accordingly.

Ross, J., and MORRISON, C. J., concurred.