[No. 12246. In Bank. — November 30, 1887.]

IN THE MATTER OF THE ESTATE OF JOSEPH McCON-
NELL, DECEASED.    BRIDGET GRAHAM, PETI-
TIONER, *v.* SUPERIOR COURT OF COLUSA
COUNTY, RESPONDENT.

ESTATE OF DECEDENT — ORDER AUTHORIZING MORTGAGE OF LAND — APPEAL
— CONVEYANCE. — An order made in a proceeding for the settlement
of the estate of a decedent, authorizing an executor to mortgage the
lands of the estate, is an order directing a conveyance of real property,
within the meaning of section 963 of the Code of Civil Procedure, and
is appealable.

ID. — APPEALABLE ORDER — CERTIORARI. — A writ of *certiorari* does not lie
to review an appealable order.

APPLICATION for a writ of *certiorari* to review an order
of the Superior Court of Colusa County.    The facts are
stated in the opinion.

*George A. Blanchard*, for Petitioner.

The order complained of is not appealable.    (Code
Civ. Proc., sec. 963.)

*H. M. Albery*, for Respondent.

FOOTE, C. — The petition in this case is for a writ of
*certiorari* to review the decision of the superior court of
Colusa County in making an order authorizing an execu-
tor to mortgage the lands of his decedent, under a stat-
ute approved March 15, 1887, to be found on page 115
of the legislative acts of the year 1887.

It is contended that the petition should be dismissed,
because a right of appeal exists (under section 963, Code
of Civil Procedure) from the order of the court which
it is sought to have reviewed by this tribunal.    The
words of that section pertinent to the matter in hand
are: "An appeal may be taken to the supreme court
from a superior court in the following cases: . . . . 3.
From a judgment or order granting or refusing a new

trial, . . . . or against or in favor of directing the partition, sale, or conveyance of real property."

If the word "conveyance," as above used, can be held to include "mortgage," then undoubtedly the right of appeal existed from the order made in the premises, and the petition filed herein must be dismissed.

It is true that it is a well-settled rule of this court that a mortgage "is merely a lien upon, and passes no estate or interest in, the mortgaged premises, except for purposes of taxation." (*Williams* v. *S. C. Mining Ass'n*, 66 Cal. 201, and cases cited.)

But that was intended merely to define the nature of the interest which passed to the premises included in the mortgage. It did not declare what the legislative intent was in using the word "conveyance" in section 963, *supra*, as affecting the right of appeal.

Section 1215 of the Civil Code, which is a part of the article treating of the recording of written instruments, is as follows: —

"The term 'conveyance,' as used in sections 1213 and 1214, embraces every instrument in writing by which any estate or interest in real property is created, aliened, mortgaged, or encumbered, or by which the title to any real property may be affected, except wills."

In *Hassey* v. *Wilkes*, 55 Cal. 528, the word "conveyance," as used in sections 1213 and 1215 of the Civil Code, is held to embrace mortgages.

From this it will be perceived that the word "conveyance" has been used by the legislature in a sense which would include the term "mortgage." And considering that much importance must necessarily be attached to such an order as that which authorizes the "mortgaging" of a decedent's land by his executor, it would appear that when the legislature placed the word "conveyance" in section 963 *supra*, it must have intended it to be taken in a broad and comprehensive sense, similar to that given to it in the sections of the Civil Code, *supra*.

Since the right of appeal existed from the order under consideration, it follows that the writ of *certiorari* cannot be invoked. (Code Civ. Proc., sec. 1068; Hayne on New Trial and Appeal, sec. 302.)

For these reasons, the writ prayed for should be denied, and the petition dismissed.

BELCHER, C. C., concurred.

HAYNE, C., took no part in this decision.

The COURT. — For the reasons given in the foregoing opinion, the writ is denied and the petition dismissed.