[L. A. No. 332.   Department Two.—April 9, 1898.]

VANDERLYNN STOW et al., Respondents, v. JUANA SCHIEFFERLY et al., Appellants.

MORTGAGE BY ADMINISTRATRIX—PLEADING—VERIFIED PETITION—AMBIGUITY—DEFAULT—APPEAL.—In an action to foreclose a mortgage executed by an administratrix pursuant to an order of the probate court, where the complaint averred that the petition for the order was verified, and the order attached as an exhibit to the complaint and made part of it and the mortgage made in pursuance thereof each recited that the order was made upon a verified petition, the fact that a copy of the petition, also attached as an exhibit to the complaint and made part of it, did not contain a verification, does not control the averment of the complaint, and the recitals in the order and mortgage to the contrary, nor render the complaint fatally defective, but, at most, it only makes the complaint subject to a special demurrer for ambiguity, and where no such demurrer was interposed, and judgment was rendered upon default of the defendants, the objection to the complaint cannot be maintained upon appeal from the judgment.

ID.—CONCLUSIVENESS OF ORDER—JURISDICTION—PRESUMPTION.—No appeal having been taken from the order authorizing the mortgage to be executed, its validity cannot be questioned; and a verification to the petition having been recited in the order and in the mortgage, and alleged in the complaint, it must be presumed that, if it was essential to the jurisdiction to make the order, it appeared upon the original petition as filed, though not appearing upon the copy of the petition exhibited, which was no necessary part of a good complaint.

CXX. Cal.—39

APPEAL from a judgment of the Superior Court of San Luis Obispo County. V. A. Gregg, Judge.

The facts are stated in the opinion.

S. M. Swinnerton, and Graves & Graves, for Appellants.

The mortgage had no legal existence without a verified petition. (Code Civ. Proc., sec. 1578; *Estate of Boland*, 55 Cal. 315; *Wills v. Pauly*, 116 Cal. 575.) The petition exhibited being unverified, the allegation that it was verified is a mere statement of a conclusion of law, which must be controlled by the exhibit. (*Ventura etc. Ry. Co. v. Hartman*, 116 Cal. 260; *McBean v. San Bernardino*, 96 Cal. 183; *Love v. Sierra Nevada etc. Co.*, 32 Cal. 639; *Stoddard v. Treadwell*, 26 Cal. 294.) A defective cause of action is not cured by failure to answer verdict, or judgment. (*Harmon v. Ashmead*, 60 Cal. 442; *Richards v. Travelers' Ins. Co.*, 80 Cal. 507; *Barron v. Frink*, 30 Cal. 486.)

Page & Eells, for Respondents.

The verification was no part of the petition itself and the omission to insert it in the exhibit is therefore no indication that the original was not verified. (*Seattle Coal Co. v. Thomas*, 57 Cal. 197.) If any objection could be urged, it must be merely as ground for a special demurrer that the complaint is ambiguous, but that defect is waived by default. (*Mendocino County v. Morris*, 32 Cal. 145; *Frazer v. Barlow*, 63 Cal. 71; *Malone v. Big Flat Gravel Co.*, 76 Cal. 578; *Palmer v. Lavigne*, 104 Cal. 33; *Fudickar v. East Riverside Irr. Dist.*, 109 Cal. 29; *Kimball v. Richardson-Kimball Co.*, 111 Cal. 396.) The jurisdiction did not depend upon the verification of the petition, the proceeding having been had under sections 1577 and 1578 of the Code of Civil Procedure as amended March 31, 1891.

CHIPMAN, C.—Action to foreclose a mortgage, executed by defendant Juana Schiefferly, as administratrix, pursuant to an order of the probate court. The defendants failed to answer the complaint; their default was entered, and thereafter the cause came on for hearing. The court found all the allegations of plaintiffs' complaint to be true, and gave judgment accordingly, from which the appeal is taken on the judgment-roll alone.

It is alleged in the complaint that the order authorizing the mortgage to be executed was duly given, made, and entered January 23, 1892, and no appeal appears to have been taken from this order. This order is made part of the complaint (Exhibit B) and recites that it was made upon the verified petition of said administratrix; that "all the heirs (except Frederick Schiefferly, who made no appearance, or filed or presented any objection to the hearing or granting of said petition, who does not appeal), namely [giving names], being present in court, pursuant to the order to show cause heretofore duly made by this court, and consenting thereto," etc. The mortgage is also made a-part of the complaint (Exhibit C) and recites the proceedings under which it was executed, among which it is therein stated that the order was made upon the verified petition of said administratrix. The complaint alleges, among other things, that said administratrix filed her "verified petition for leave to mortgage the real property of said John J. Schiefferly, deceased (appellants' intestate), to raise the sum," etc. The complaint then states: "A copy of said petition is hereto annexed marked Exhibit A, and is here referred to and made part of this complaint," etc. By reference to this exhibit it appears that it has no verification.

The sole and only point made on the appeal is that the complaint is fatally defective because no verification to the petition appears on this exhibit. It is contended that section 1578 of the Code of Civil Procedure, under which the petition was filed, is substantially the same as section 1537 of the Code of Civil Procedure, authorizing an administrator to sell real property, and that in both instances a verified petition is essential to jurisdiction. (Citing *Wills v. Pauly*, 116 Cal. 575; *Estate of Boland*, 55 Cal. 315.) It is further contended that all the matters necessary to be alleged in the petition under section 1578 must be alleged in the complaint to foreclose the mortgage made upon such petition, and that although these matters appear in the petition they cannot aid the complaint because the petition does not appear to be verified. Furthermore, that the allegation in the complaint that the petition was verified should be disregarded because it is repugnant to the unverified petition which is made a part of it. (Citing *Love v. Sierra Nevada etc. Co.*,

32 Cal. 639; *Stoddard v. Treadwell*, 26 Cal. 294.) And, again, that the allegation in the complaint that a verified petition for leave to mortgage was filed is to be regarded as a statement of a conclusion of law, inasmuch as the complaint shows that the petition was not verified (Citing *McBean v. San Bernardino*, 96 Cal. 183); and that the doctrine that a defective pleading may be cured by a default or verdict has no application, for there was here an entire absence of material allegation. (Citing *Richards v. Travelers' Ins. Co.*, 80 Cal. 507; *Harmon v. Ashmead*, 60 Cal. 442; *Barron v. Frink*, 30 Cal. 486.)

It is too late to question the validity of the order; no appeal was taken from it. It will be presumed that, if a verification to the petition was essential to jurisdiction, such verification did appear upon the original as filed, for the order declares that it was made and entered upon a verified petition. We must, therefore, assume the fact to be as stated in the complaint and in the order, although the verification does not appear on the exhibit. It was not necessary to a good complaint, as claimed by appellants, that all the proceedings leading to the mortgage should be set out in the complaint. It was only necessary to set forth the mortgage *in haec verba* or in substance; it was not necessary to set out the petition or order; both of these exhibits may be wholly disregarded and there will remain a good complaint.

The act under which the mortgage was authorized provides that jurisdiction to make the order for the mortgage "shall conclusively inure to the benefit of the mortgagee named in the mortgage, his heirs and assigns." It further provides that: "No irregularity in the proceedings shall impair or invalidate the same, or the mortgage given in pursuance thereof, and the mortgagor, his heirs or assigns, shall have and possess the same rights and remedies on the mortgage as if it had been made by the decedent prior to his death."

There is no repugnance between the complaint and the mortgage, for both refer to the petition as having been verified. It would be an extremely technical view of the pleading and wholly unwarranted, we think, to hold in this action that the plaintiffs had by the complaint impeached the order on which they rely, by needlessly attaching to the complaint what is manifestly an

imperfect copy of the original petition—we say manifestly, be-
cause the order of the court and the mortgage signed by appel-
lants both say it was verified.  But if we must treat the petition
as part of the complaint, because we find it attached to it, and
they are inconsistent with each other, it did no more than in-
troduce ambiguity and uncertainty into the complaint, which
could not be reached by a general demurrer and did not go to
the jurisdiction of the court.  A demurrer for ambiguity or un-
certainty was necessary to reach the alleged defect in the com-
plaint.  (*Palmer v. Lavigne,* 104 Cal. 30, and cases there cited.)

It was said by this court in *Fudickar v. East Riverside Irr.
Dist.,* 109 Cal. 29, where no demurrer was filed: "If a cause of
action be stated, though defectively, the complaint must be sus-
tained, notwithstanding any ambiguity or uncertainty that may
exist therein; and, in aid of the judgment, the complaint must
now receive as favorable an interpretation as its general scope
will warrant."

There was no inconsistency between the allegation of the com-
plaint and the order authorizing the mortgage, and the mort-
gage itself, for these two exhibits are in harmony with the
complaint.  The allegation that the petition was verified
finds support in two exhibits, one of which, at least, to wit,
the order or decree of the court, is of higher dignity than
the petition because it cannot now be disputed.  This may
increase the ambiguity and uncertainty in the complaint,
but it does not affect the question of jurisdiction.  We do
not feel called upon to decide whether or not the mortgage
would be void if the fact was that no verified petition was filed.
That question does not necessarily arise, for we think the com-
plaint sufficiently shows that there was a verified petition filed.
And in support of the judgment which found the allegations
of the complaint to be true, it will be presumed on this appeal
that the evidence supported the finding.  There was not an
entire absence of allegation, as claimed by appellants, and hence
the cases referred to do not apply.  (*Kimball v. Richardson-
Kimball Co.,* 111 Cal. 386.)  Where no demurrer is interposed
for uncertainty or ambiguity, it has been held: "If facts are
stated showing the liability of the defendants, the complaint

must be sustained notwithstanding they are imperfectly stated."
(*Ryan v. Jacques*, 103 Cal. 280.)

We have examined the cases to which we have been referred
by counsel in support of their contention, but find nothing to
warrant us in accepting their view of the case; and, therefore,
advise that the judgment be affirmed.

Searls, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment
is affirmed.

McFarland, J., Temple, J., Henshaw, J.

Hearing in Bank denied.