[L. A. No. 801.   Department One.—December 15, 1899.]

SALATHIEL FAST, Respondent, v. WALTER D. STEELE, Executor, etc., et al., Defendants and Respondents, and WILLIAM L. STEELE et al., Defendants and Appellants.

ESTATE OF DECEASED PERSON — MORTGAGE BY EXECUTOR — ORDER FOR MORTGAGE—NOTE.—Under section 1578 of the Code of Civil Procedure, prescribing the proceedings requisite in order to mortgage real property belonging to the estate of a deceased person, a promissory note and mortgage of such property, executed by the executor in pursuance of an order of the court, are not invalidated merely because the order directing the execution of the mortgage omitted to direct the execution of the note.

ID.—DATE OF PAYMENT.—An order made under said section, directing that the mortgage should be made payable "on or before two years" after its date, is complied with by the execution of a note and mortgage which are made payable "on or before one year" after their date.

ID.—ORAL DIRECTIONS OF JUDGE.—An oral direction made by the judge to the executor, at the time of making the order, instructing him to pay or individually secure the interest to become due on the note which was to be secured by the mortgage, does not affect the rights of the mortgagee, if he was without knowledge or notice of such direction.

APPEAL from a judgment of the Superior Court of Santa Barbara County.   W. S. Day, Judge.

The facts are stated in the opinion.

Henley ·C. Booth, for Appellants.

Grant Jackson, for Plaintiff and Respondent.

W. P. Butcher, for Defendant Walter D. Steele.

HAYNES, C.—This appeal is· from a judgment in favor of the plaintiff foreclosing a mortgage executed to him by Walter D. Steele as executor of Mrs. C. L. Steele.   The defendants who have taken this appeal are interested in the estate of said testatrix.

The authority to execute said mortgage was not given by the will of the deceased, but it was executed under an order of the court, made for that purpose upon the petition of the executor; and it is contended by appellants "that the executor has not exercised the power to mortgage given him by the court in the manner prescribed by the order from which all his authority was derived."

That order, so far as material here, is as follows: "It is therefore ordered that said executor execute in the name of and for the benefit of said estate a mortgage of all the land and improvements described in said petition to any person, or firm or corporation who will lend said estate the sum of sixteen hundred and fifty-three dollars and seventy-two cents in gold coin of the United States of America, payable on or before two years after the date of said mortgage, with interest not to exceed ten per cent per annum, payable semi-annually."

This order was made June 17, 1896, and two days afterward the plaintiff loaned to the estate said sum, and the executor made and delivered to the plaintiff a promissory note therefor payable "on or before one year after date," with interest payable semi-annually at the rate of ten per cent per annum, and also made and delivered to the plaintiff a mortgage upon the premises described in the order to secure the payment of said note.

It is said "that under said order the executor was authorized to execute a non-negotiable instrument of mortgage which

the mortgagee should have no right to foreclose for two years from its date, and that instead of this he executed a negotiable promissory note payable on or before one year after its date, and a mortgage to secure it."

The proceedings to obtain an order to mortgage real property belonging to the estate of a deceased person are fully specified in section 1578 of the Code of Civil Procedure, which provides that the order, among other things, shall authorize, empower, and direct the executor or administrator "to make such mortgage, and a promissory note or notes to the lender for the amount of the loan to be secured by said mortgage; . . . . and may prescribe the maximum rate of interest and period of the loan." Said section further provides that the "jurisdiction of the court to administer the estate shall be effectual to vest such court and judge with jurisdiction to make the order for the note or notes and mortgage, and such jurisdiction shall conclusively inure to the benefit of the mortgagee named in the mortgage, his heirs and assigns. No irregularity in the proceedings shall impair or invalidate the same, or the note or notes and mortgage given in pursuance thereof."

The order as made by the court omitted the direction to execute a promissory note. This was an irregularity, but no motion was made to correct it, nor was there any appeal from the order. The executor, however, followed the statute in this respect, and executed a promissory note for the money borrowed. But whether the irregularity consisted in the omission of the court to direct the execution of a promissory note, or in the action of the executor in giving it, appellants have not been injured. It is true that: "A mortgage does not bind the mortgagor personally to perform the act for the performance of which it is a security, unless there is an express covenant therein to that effect." (Civ. Code, sec. 2928.) As between a mortgagor, acting in his own right, and the mortgagee, by the execution of a promissory note secured by the mortgage, a personal liability is created against the mortgagor to pay any deficiency which may remain after exhausting the mortgage security; but the execution of a note and mortgage by an executor or administrator under an order of court does not create any liability for a deficiency, "except in cases where the note

or notes and mortgage were given to pay, reduce, extend, or renew a lien or mortgage subsisting on the realty, or some part thereof, at the time of the death of the decedent, and the indebtedness secured by such lien or mortgage was an allowed and approved claim against his estate." The present case does not come within said exception, and therefore the giving of the note creates no liability beyond that which would have been created by the mortgage alone, and appellants are not prejudiced by its execution.

It is further contended by appellants that there was a fatal departure from the authority given by the order, in that the note and mortgage were made payable "on or before one year" after their date, while the order directed that the mortgage should be made payable "on or before two years" after its date.

The code provides that the court "may prescribe the maximum rate of interest and period of the loan," thus leaving it to the discretion of the executor or administrator to make the loan for any shorter period; and in the light of this provision the order should be construed as fixing the maximum period only. In any event, it would be nothing more than an irregularity which would not "impair or invalidate" the note or mortgage.

It appears from the findings that at the time of making said order the executor was orally directed by the judge of the court to pay or individually secure to the mortgagee the whole of the interest which was to become due on the note which was to be secured by said mortgage, and that the executor, in order to secure to the plaintiff one year's interest, assigned to him his commissions as executor to the extent of one year's interest.

The plaintiff is not bound by this oral direction of the judge to the executor. He is charged with notice of all that the order contains. Whether he would be affected by such oral directions, if it were shown that he had knowledge of them, we need not inquire, since it is neither alleged nor found that plaintiff had any such knowledge or notice. There is nothing in *Thomas v. Parker*, 97 Cal. 456, or in *Stow v. Schiefferly*, 120 Cal. 609, cited by appellants, inconsistent with the views here expressed. *Edwards v. Taliafero*, 34 Mich. 13, was under a different statute which required that the order should "specify

the amount to be secured by such mortgage, the rate of interest to be paid, and the length of time for which such mortgage shall be given." Neither the petition nor the order contained any of these particulars.

*Griffin v. Johnson,* 37 Mich. 87, is directly against appellants. It was there held that the insertion of an attorney's fee, though unauthorized by the license under which the mortgage was made, did not invalidate the mortgage; that it could only support a claim for the reduction of the amount due. It was further held that an administrator's mortgage is not avoided for mere irregularities, and that a proceeding that cannot affect the substantial rights of the parties cannot be worse than irregular.

In *Deery v. Hamilton,* 41 Iowa, 16, the mortgage was executed by the executrix without an order of court, and without authority given by the will. It was held that: "Where money has been borrowed by an executor without authority, and the estate has received the benefit of the same, the creditor may recover the amount loaned with interest thereon at six per cent." None of the numerous cases cited by appellants conflict with our conclusions hereinbefore expressed. We do not doubt that a failure to comply with our statute in essential particulars would invalidate the mortgage; but all that we do decide is that the matters here relied upon by appellants are irregularities only, which do not affect the validity of the mortgage.

I advise that the judgment appealed from be affirmed.

Chipman, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is affirmed.

Garoutte, J., Van Dyke, J., Harrison, J.