[L. A. No. 794. Department Two.—December 27, 1900.]

131 115
f 131 674

ALICE WINSTON MURPHY, Respondent, v. FARMERS AND MERCHANTS' BANK OF LOS ANGELES, Appellant.

Estates of Deceased Persons — Rights of Heirs — Subjection to Debts—Subsequent Statute Permitting Mortgage—Power of Legislature.—The rights of the heirs of a deceased person are subject to the burden of his debts, which the real estate may be sold to pay: and a subsequent statute permitting a mortgage of the unadministered estate to pay the debts, passed after the death, does not create a new burden, nor interfere with the vested rights of the heirs, but provides merely for a change in the form of the burden, which is within the power of the legislature.

Id.—Increased Interest—Incident to Power.—The allowance of an increased rate of interest upon the mortgage security is a mere incident of the power of the legislature to change the form of the burden, and does not affect the question of power.

Id.—Order Allowing Mortgage — Private Debt of Executrix— Part Loan to Estate—Foreclosure—Validity of Title—Trust. Where the court permitted a mortgage to be executed to pay the indebtedness of the estate, and it was executed in part for a private debt of the executrix and in part for money loaned to the estate to pay its indebtedness, the title obtained by the mortgagee under foreclosure is not void, but the application' of the purchase money to the payment of such private debt is a breach of trust, for which the mortgagee, being a party, thereto, is responsible, to the extent to which the mortgage was not binding upon a minor heir.

Id.—Action by Heir to Quiet Title—Accounting of Trust—Pleading.—The title acquired by the mortgagee under foreclosure not being void, the minor heir, whose rights were not concluded by the breach of trust, cannot maintain an action to quiet title against the mortgagee, but can only compel an accounting of the trust for the benefit of the estate, under pleadings appropriate for that purpose.

APPEAL from a judgment of the Superior Court of Los Angeles County. Lucien Shaw, Judge.

The facts are stated in the opinion.

Graves, O'Melveny & Shankland, for Appellant.

Albert M. Stephens, and Stephens & Stephens, for Respondent.

CHIPMAN, C.—Action to quiet title. Plaintiff is one of ten children of William H. Winston, who died testate in May, 1886; in June, 1886, his surviving widow, Mary E. Winston, was appointed executrix; plaintiff is a devisee under the will of deceased and claims as such; she brings this action to quiet her title to an undivided one-eleventh interest in a certain tract of land in Los Angeles county, as property of the Winston estate. The judgment was that plaintiff is the owner in fee of an undivided one-eleventh interest in the property in question; that defendant has no right or interest in said one-eleventh interest; and that plaintiff's interest "is subject to all lawful claims that may be made thereon in the course of the further administration of the estate of said William H. Winston which is now uncompleted." The appeal is from this judgment and from the order denying defendant's motion for a new trial.

The testator made certain specific bequests to plaintiff and other heirs at law, and provided that, after the legacies mentioned in the will were paid, the residue of the property should be equally divided between the testator's wife and children, share and share alike. The court found the following facts: That plaintiff is the owner of an undivided one-eleventh interest in the land described in the complaint, and that defendant's claim thereto is without right; that in November, 1891, the executrix filed her petition for an order authorizing her to mortgage the real estate in dispute. The petition showed that of the money coming into her hands all had been disbursed by the executrix in payment of debts of the deceased, expenses of administration, payment of the legacies, and family allowance, and other costs and charges against said estate; that certain exempt personal property was set aside to the widow, and there remained belonging to the estate two old mules, two young mules and one colt, valued at $500. The petition showed accrued liabilities amounting to $21,052.38, and debts, expenses and charges to accrue, $28,247.70; total, $49,300.08. The petition was granted to the extent of authorizing the mortgage for $45,000, and such mortgage was executed to defendant bank on December 16, 1891, and on December 1, 1896, there

was due and unpaid thereon $63,081.64.   Foreclosure followed, and in due course, in June, 1898, a sheriff's deed granting the premises to defendant as purchaser, and the land has been in defendant's possession ever since claiming under this deed.   No question arises as to the form of the proceedings to mortgage or the sale on foreclosure.   There has been no final account or settlement of the estate or distribution, and the court found that there is no property of the estate with which to pay to plaintiff her legacy, and the executrix is insolvent and was serving without bonds.   At the time this mortgage was executed the executrix owed the defendant in her individual capacity $33,347.03, which was made up of $24,000 and accrued in-. terest, being money borrowed by her from defendant some years before the probate mortgage was executed, and she used this money to purchase the entire interest of six adult children in the estate; and the personal indebtedness of the executrix also included the further sum of $1,175 borrowed from defendant by her on personal account, for which she had given her note. The mortgage was executed by the executrix as such and by three of the adult heirs who had not sold their interest to Mrs. Winston, and by her individually, thus including ten-elevenths of the interests in the property.   The court found that of the $45,000 borrowed by the mortgage the bank paid her only $7,329.97 and applied $4,323 in satisfaction of its own claim against the estate, which was justly due the bank, and credited the balance, namely, $33,347.03, in payment of the personal debt above referred to, due it from the executrix; that the executrix paid out of this $7,329.97 the legacies of two brothers of plaintiff, amounting to $6,900, including three years' interest.   The evidence was that the $45,000 was passed to the credit of the executrix on the books of the bank on the day the mortgage was executed and delivered, and on the same day she gave the bank her checks to pay her individual indebtedness of $33,347.03, above stated, and the allowed claim of the defendant, $4,323, leaving a balance to her credit of $7,329.97.

1. The written opinion of the learned trial judge printed in the briefs discloses the theory on which his decision rests; and it was that the mortgage money was impressed with a trust, and its application to pay the personal debt of the executrix.

was a breach of trust on her part; that the defendant had notice of the fact that the money it received was held by the executrix in trust and could not be applied to the payment of her individual debt, and that, therefore, the mortgage was void as to plaintiff.

I think the facts warranted the trial court in concluding that the defendant had knowledge that the money it received on the checks of the executrix, drawn upon this mortgage loan, belonged to the estate, and that in receiving it to pay the individual debt of the executrix the defendant became a party to the violation of the trust and acquired no right to the money it received from her, so far as plaintiff is concerned, and plaintiff's right to the money was unaffected by the mortgage or by the payment to defendant. But it does not follow that the deed under which defendant claims title is void, or that the proceedings by which it acquired title can be set aside or annulled upon the pleadings and evidence now before us.

The petition showed legitimate charges against the estate amounting to more than $45,000. The money borrowed passed to the credit of the executrix and was under her control as executrix; the transaction was fair and open, so far as the evidence shows, and the mortgage was a valid lien unless void for the reason next to be noticed. It was in the application of the money thus borrowed, and not in the execution of the mortgage or the sale under foreclosure, that an implied or constructive trust arose under which defendant must account. The title to the land is now in defendant.

2. Respondent contends that the mortgage was void as to plaintiff because it deprived her of vested rights. The testator died in 1886, and the act authorizing the mortgage was passed March 15, 1887 (Stats. 1887, p. 115), and was an act adding a new article to the Code of Civil Procedure relating to mortgages and leases of real property of decedents. The sections relating to mortgages are 1577 and 1578. The proceedings to mortgage the property being regular and conformable to the statute, its provisions need not be set forth. Respondent relies upon *Brenham v. Story*, 39 Cal. 179. Upon the authority of that case it was held in *Estate of Packer*, 125 Cal. 396,[1]

_____
[1] 73 Am. St. Rep. 58.

that under section 1537 of the Code of Civil Procedure, as amended in 1893, the real estate of the intestate could not be sold where the petition showed nothing more than that a sale would be for "the advantage, benefit, and best interests of the estate and those interested therein," so as to affect the title of an heir that had vested prior to the passage of the act, there being no debts or charges on the estate. *Brenham v. Story, supra,* decided that upon the death of the ancestor the heir at once becomes vested with the full property, subject only to liens then existing or created by statute then in force. (See cases cited in *Estate of Packer, supra.*) In the present case, plaintiff took subject to such charges on the estate as the law authorized at the death of her testate. These were "debts of the deceased, the expenses of administration, and the allowance to the family" (Code Civ. Proc., sec. 1516); "the estate, real or personal, given by will to legatees or devisees, is liable for the debts, expenses of administration, and family expenses, in proportion to the value or amount of the several devises or legacies." (Code Civ. Proc., sec. 1563.) All the property of a decedent shall be chargeable as above stated and "may be sold as the court may direct in the manner prescribed in this chapter." (Code Civ. Proc., sec. 1516.) There was, therefore, authority of law for disposing of the property for the purposes named, namely, to pay debts of the deceased, expenses of administration, family allowance, and legacies. The real property belonging to the estate could be sold to provide money to discharge the liabilities above enumerated. The title of the devisees under the will, "though a vested estate in a general sense, was encumbered by the lien created by the testator in his lifetime, and by the law at his decease, and was therefore a qualified though a vested interest" (*Wilkinson v. Leland,* 2 Pet. 627); and plaintiff took her interest subject to the power of the probate court to sell the property for the purpose of paying the charges or liens resting against it. To authorize the mortgage of the property for the express purpose of raising money with which to pay these charges is but to change the form of the lien and adds no new burden not already borne by the property, or to which the property may be subjected under the law as it existed when the testator died. It is true, as is

claimed, that the mortgage, under the statute, may bear a greater rate of interest than the legacies may bear. But the increased rate of interest allowed by law is an incident of the power by which the burden or lien already on the property may be changed by changing the form of the statutory burden or lien to a mortgage lien; it does not affect the question of power, nor can it reasonably be said to be a new burden. Presumably, the mortgaged property would have a market value greater than the mortgage debt, for the lender would rarely loan up to the full cash value. But the mortgage is not a sale, and the creditors may at any time petition to sell and pay the mortgage and they would thus have an opportunity to realize the margin of value above the mortgage debt, and if a sale could not be made for an amount in excess of the loan it would show that the estate had realized on the mortgage all the property was worth in the market, and creditors would have no cause of complaint for no deficiency judgment can be entered; the mortgagee must look alone to the property. (Stats. 1887, p. 115.) We think that within the limitations placed by law upon the power to sell to pay charges against the estate, as the law existed at the decedent's death, the court may, on cause shown as required by the statute, authorize the mortgage whether the decedent died before or after the passage of the act of 1887. This view of the statute would often save the estate from forced sale and consequent sacrifice; and under the wisely exercised discretion of the court would result in benefit to the interests it was designed to conserve. Cases where probate mortgages have been upheld where given under sections 1577 and 1578 are the following: *Thomas v. Parker*, 97 Cal. 456; *Stow v. Schiefferly*, 120 Cal. 609; *Weinreich v. Hensley*, 121 Cal. 647; *Fast v. Steele*, 127 Cal. 202. Upon the general question of the power of the legislature to authorize the mortgaging of estates of decedents, see Cooley's Constitutional Limitations, sixth edition, pages 115-124. (2 Woerner's Law of Administration, sec. 345; Woerner on Guardianship, sec. 86.)

Our opinion is that the court erred in deciding that plaintiff owns an undivided interest in the land.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are reversed.

Henshaw, J., McFarland, J., Temple, J.

Hearing in Bank denied.