[Civ. No. 586.  First Appellate District.—May 14, 1909.]

ISAIAH HARRIS, Respondent, v. THE MUNRO COMPANY, a Corporation, Appellant.

ACTION UPON NOTES—PLEADING—COUNT UPON NOTE NOT DUE—CAUSE OF ACTION NOT STATED.—In an action upon two notes, in distinct counts of the complaint, only one of which is past due, a separate count upon a note not due states no cause of action.

ID.—IMPROPER JUDGMENT BY DEFAULT FOR BOTH NOTES—REVERSAL—DISMISSAL OF ACTION AS TO NOTE NOT DUE.—It appearing that the immature note sued upon was not due when the judgment was entered, an improper judgment by default for the amount of both notes must be reversed, with directions to the court to enter judgment solely for the amount of the note past due, and to dismiss the action as to the note not due, without prejudice to a new action thereon.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.  Carroll Cook, Judge.

The facts are stated in the opinion of the court.

J. S. Spilman, and L. T. Hatfield, for Appellant.

Lucius L. Solomons, for Respondent.

HALL, J.—Plaintiff took judgment against defendant by default upon a complaint containing two counts, each upon a promissory note.  The note sued upon in the first count was past due, but the note sued upon in the second count was neither due when the complaint was filed nor when judgment was entered.  The judgment was for the sum of the two notes, and is clearly erroneous and not supported by the pleadings. The note sued on in the second cause of action appearing by its terms as set forth in the count not to have been due when the action was commenced, such count stated no cause of action.  (*Harmon* v. *Ashmead,* 60 Cal. 439.)  The first count does not support the judgment, as the judgment is for nearly twice the amount claimed under such count.  The case of *Hunt* v. *City of San Francisco,* 11 Cal. 250, cited by respondent, differed from the case at bar in that the default judgment in that case was for the amount claimed under each of

several counts, only one of which was defective. The court said: "It will be observed that the money counts are each of them for the amount for which judgment was taken."

The judgment is reversed, and the court directed to enter judgment for the plaintiff upon the first count for the amount of the principal of the note set forth in such count, together with interest thereon from the date of said note till the entry of judgment, at the rate of six per cent per annum, as provided in said note, and to dismiss said action as to the second count thereof, without prejudice to the right of plaintiff to bring a new action on the note set forth in said count.

Cooper, P. J., and Kerrigan, J., concurred.