[S. F. No. 12824. In Bank.—April 14, 1928.]

LUCY C. SCHWAN, as Executrix, etc., Petitioner, v. THE SUPERIOR COURT FOR THE STATE OF CALIFORNIA, IN AND FOR THE COUNTY OF ORANGE et al., Respondents.

O'Melveny, Millikin & Tuller, O'Melveny, Tuller & Myers, Louis W. Myers, Pierce Works, Albert Launer and Harold A. McCabe for Petitioner.

Scarborough, Forgy & Reinhaus for Respondents.

Henry E. Monroe, *Amicus Curiae*.

WASTE, C. J.—Petitioner herein seeks by writ of mandate to compel the respondents, Superior Court and the judge thereof, to hear and determine an application filed by her as executrix of the estate of the above-named decedent, for an order authorizing the execution of a deed of trust, which is to serve as security for a promissory note sought to be executed to pay off and discharge a certain note, and mortgage securing the same, already existing and constituting an encumbrance upon the real property of the estate. Application for the order was made under the provisions of section 1578 of the Code of Civil Procedure as amended in 1927 (Stats. 1927, p. 831), which prescribe, among other things, the proceedings to be taken by an executor, administrator, or guardian applying for an order authorizing the execution of the deed of trust upon any property of the estate of which he is in charge. Notice of the hearing of the application was duly given, but the respond-

ent judge of the court below refused to hear the matter upon the ground that the court was without jurisdiction to make the order prayed for.

Prior to the amendment of section 1578, *supra*, it was already provided in section 1577 of the Code that, whenever in any estate in course of administration, or in any guardianship proceeding pending, it shall appear to the superior court, or to a judge thereof, to be of advantage to raise money upon a note or notes to be secured by a mortgage of the real property of the decedent, or of the minor, that may. be done on obtaining an order in due course therefor. The procedural steps necessary to be taken were to be found in section 1578. At the 1927 session of the legislature two companion bills were introduced, one of which provided for the amendment of section 1577 by incorporating therein an express grant to executors, administrators, and guardians of the additional power to execute trust deeds upon property in their charge. The second bill provided for such an amendment to section 1578 as would cause its procedural provisions to conform to the proposed amendment of section 1577, by adding thereto express references to deeds of trust. Each of these bills passed the two houses of the legislature, but only one of them, that amending the procedural section, 1578, was signed by the governor. Respondents therefore urge that, while it was obviously the intent of the legislature in passing both bills to grant to executors, administrators, and guardians the power to execute trust deeds, and to prescribe the procedure therefor, inasmuch as the bill purporting to amend the substantive provisions of section 1577 was not signed by the governor, and therefore failed to become law, the power to execute trust deeds was not granted.

We are unable to agree with respondents' contention that the abortive attempt to amend section 1577 precludes the execution of trust deeds by executors, administrators, and guardians. The provisions of section 1578, as amended in 1927, *supra*, are sufficiently extensive, in and of themselves, not only to prescribe the procedural steps necessary to the execution by such persons of trust deeds, but to grant the substantive right to exercise such power. The language of section 1578, as so amended, supports this conclusion. After prescribing the procedural steps essential to the obtaining of a court order authorizing the execution of a trust

deed, that section, so far as pertinent here, declares that "If, after full hearing the court or judge is satisfied that it will be for the advantage of the estate to mortgage or execute a deed of trust of the whole or any portion of the real estate, an order must be made authorizing, empowering and directing the executor or administrator, or the guardian of such minor or incompetent person, to make such mortgage or to execute such deed of trust, and a promissory note or notes to the lender for the amount of the loan, to be secured by such mortgage or deed of trust. . . .

"After making the order to mortgage, or execute the deed of trust, the executor, administrator, or guardian of a minor or incompetent person shall execute and deliver the note or notes for the amount and period specified in the order, and shall execute, acknowledge and deliver a mortgage, or deed of trust, of the premises, setting forth in the mortgage, or deed of trust, that it is made by the authority of the order, and giving the date of such order. . . .

"Every note or notes and mortgage, or deed of trust, so made shall be effectual to mortgage or convey by means of a deed of trust, all right, title, interest and estate which the decedent, minor, or incompetent person had in the premises described therein at the time of the death of such decedent, or at the time of the appointment of the guardian of such minor or of such incompetent person, or prior thereto, and any right, title or interest in said premises acquired by the estate of such decedent, minor, or incompetent person, by operation of law or otherwise, since the time of the death of such decedent, or the appointment of the guardian of such minor or incompetent person.

"Jurisdiction of the court to administer the estate of such decedent, minor, or incompetent person shall be effectual to vest such court or judge with jurisdiction to make the order for the note or notes, and mortgage, or deed of trust, and such jurisdiction shall conclusively inure to the benefit of the mortgagee named in the mortgage, or the trustee and beneficiary in the deed of trust, his or their heirs and assigns." This language of the section is sufficiently broad to confer the substantive right authorizing the execution of trust deeds by executors, administrators, and guardians. To reply that such a construction of section 1578 renders section 1577 redundant does not suggest a different conclu-

sion, for it may be safely said that such a condition probably exists as to many of our laws.

The testatrix in the present case died in 1924, and the question is raised whether or not the amended statute (1927) applies to an estate in a case where the decedent died prior to the passage of the act. We are of the view that it does, for the reason that the purposes for which a deed of trust may now be authorized by the court are the same as those for which the power previously existed to permit the due execution of a mortgage. The statute has not been changed in that respect. The legislature has not imposed any greater burden upon the property of the decedent than that which existed at the time of her death. It has merely enacted a remedial statute prescribing a different mode of procedure for raising money for the needs of the estate, to carry out such objects as were provided for by the law in force at the time of the decedent's death. (*Murphy* v. *Farmers & Merchants' Bank,* 131 Cal. 115 [63 Pac. 368, 731]; *Estate of Benvenuto,* 183 Cal. 382 [191 Pac. 678].)

Let a peremptory writ of mandate issue directing the respondents to entertain, hear and determine the application of the petitioner below for permission to execute a deed of trust upon the property of the estate.

Curtis, J., Preston, J., Richards, J., Seawell, J., Shenk, J., and Langdon J., concurred.