[Civ. No. 1380. Fourth Appellate District.—June 8, 1935.]

CORPORATION OF AMERICA (a Corporation), Respondent, v. BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association), as Executor, etc., et al., Defendants; LUELLA CONNARD JACKSON, Appellant.

W. R. Bailey and Adolph Feierbach for Appellant.

Harvey & Johnston, T. N. Harvey and Louis Ferrari for Respondent.

JENNINGS, J.—The plaintiff instituted this action to recover the principal amount of a certain promissory note executed by the Bank of Italy National Trust and Savings Association on September 16, 1927, together with the interest alleged to be due on such principal amount. The complaint also sought foreclosure of a mortgage on real property which was given to secure payment of the note. From a decree ordering a sale of the mortgaged premises the defendant, Luella Connard Jackson, has prosecuted this appeal.

The following undisputed facts are pertinent to the questions which are here presented: On April 30, 1925, the Bank of Italy was appointed executor of the last will and testament of Arthur T. Connard, deceased, and entered upon the discharge of its duties as such executor. The defendant, Luella Connard Jackson, was one of the heirs at law of the aforesaid decedent. Prior to April 18, 1927, the Bank of Italy National Trust and Savings Association succeeded to all the rights, duties and obligations of the Bank of Italy and on November 1, 1930, the Bank of Italy National Trust and Savings Association consolidated with the Bank of America of California under the name of Bank of America National Trust and Savings Association. The last-mentioned association succeeded to all the rights, duties and obligations of the Bank of Italy National Trust and Savings Association. On March 16, 1927, the Bank of Italy National Trust and Savings Association, as executor of the will of the aforementioned decedent, filed with the Superior Court of Kern County a petition for leave to borrow a sum of money not to exceed $15,000 and as security for the repayment of such loan to execute a mortgage on certain described real property of the estate of said deceased. The petition was granted by the court, whereupon, on September 16, 1927, the aforesaid executor executed a promissory note in the amount of $12,000, payable to itself one year after date, and to secure payment of the principal and interest of the note it executed a mortgage on the real property of the estate specified in the petition for leave to mortgage to itself as mortgagee. Prior to the commencement of the present action the Bank of America National Trust and Savings Association transferred and assigned the note and mortgage to the plaintiff. The note was not paid upon its maturity and at some time prior to September 16, 1932, the plaintiff filed its complaint seeking foreclosure of the mortgage.

The principal contentions advanced by appellant on this appeal are, first, that the mortgage whose foreclosure is permitted by the decree was void because it was made by the executor of the estate to itself in violation of the strict duty it owed to the estate, and, second, that the mortgage was void because of the lack of notice of the hearing of the petition for leave to execute the mortgage. The second of these contentions will herein be first considered.

During the trial of the present action respondent first introduced the note and mortgage which were admitted in evidence. It next produced a certified copy of the petition for leave to mortgage real property of the estate of Connard which was likewise admitted. The following documents were then offered in evidence by respondent and were admitted: a certified copy of the order to show cause made by the superior court upon the filing of the petition for leave to mortgage property of the estate and a certified copy of the order granting leave to mortgage property of the estate of Connard which was made and entered by said court. The minute order made by the court upon the hearing of the petition for leave to mortgage was also read in evidence by respondent. All of the above-mentioned documents were received in evidence over the objections of appellant.

The evidence thus admitted showed that the petition for leave to mortgage was filed on March 16, 1927; that the order to show cause was made on March 22, 1927; that in said order the hearing of the petition was set for April 22, 1927, and it was ordered that a copy of the order should be published at least four successive weeks in a newspaper of general circulation published in Kern County; that the petition was actually heard on April 18, 1927, and the order granting leave to execute the mortgage was in fact made on April 18, 1927. An affidavit of publication was also received in evidence over the objection of appellant. This affidavit stated that a certain newspaper mentioned therein was a newspaper of general circulation printed and published daily except Monday in Bakersfield, Kern County, from March 24, 1927, to April 22, 1927, and that the order to show cause made by the court in the estate of Connard was published in said newspaper on each day of its publication during the period from March 24, 1927, to April 22, 1927, inclusive.

It is earnestly contended that since it appears that the petition for leave to mortgage property of the estate was actually heard four days prior to the date designated in the order to show cause, the mortgage whose foreclosure is permitted by the decree from which this appeal has been taken is void because it was executed in accordance with an order which was void. It is contended that the order granting leave to mortgage property of the estate was void because of the failure to have given the required statutory notice of the

hearing of the petition to persons interested in the estate. The statute which forms the basis of this attack is section 1578 of the Code of Civil Procedure as it existed at the time the order granting leave to mortgage was made.

During the month of April, 1927, section 1578 of the Code of Civil Procedure was entitled "Manner of Obtaining Authority to Mortgage, etc." This statute provided that the executor or administrator of any estate might file a verified petition requesting leave to execute a mortgage on real property of the estate. Detailed description of the matters which such a petition should contain was set forth in four subdivisions. It was next provided that upon the filing of the petition an order should be made requiring all persons interested in the estate to appear before the court at a time and place specified not less than four nor more than ten weeks thereafter to show cause why the realty described in the petition should not be mortgaged. It was then provided that the order to show cause might be personally served on persons interested in the estate at least ten days before the time appointed for the hearing of the petition or that it might be published for four successive weeks in a newspaper of general circulation published in the county. The next subdivision of the statute provided that at the time and place appointed in the order to show cause, the court having first received satisfactory proof of personal service or publication of the order should proceed to hear the petition and any objections thereto that might have been filed or presented and that, after a full hearing, if the court should be satisfied that it was advantageous to the estate to mortgage the property described in the petition an order should be made authorizing, empowering, and directing the executor or administrator to execute the mortgage and the note to be secured thereby.

In giving consideration to appellant's contention that the order granting leave to mortgage was void for lack of proper notice of the hearing of the petition and that consequently the mortgage which was executed pursuant to such order is void, it should first be observed that the attack thus made is a collateral attack. The order might have been directly attacked through the medium of an appeal therefrom (*Estate of McConnell*, 74 Cal. 217 [15 Pac. 746]). Such an attack was not made and the order has long since become final. Since the attack which is here presented is a collateral attack,

the trial court in its consideration thereof was limited to an examination of those matters which appeared on the face of the record in the proceeding which resulted in the entry of the order granting leave to mortgage property of the estate. If no excess or defect of jurisdiction appeared on the face of the record the trial court was not justified in declaring the attacked order to be invalid even though it was shown that the court which made the order had made some error in the exercise of its jurisdiction or that there was some irregularity in the proceeding. ■ In its examination of the record of the proceeding for permission to mortgage property of the estate, the trial court was required to indulge in the same presumptions in favor of the regularity and validity of the proceeding which govern the construction of the record in an ordinary action. ■ The foundation of jurisdiction in a proceeding for leave to mortgage property of an estate is the petition addressed to the court by the representative of the deceased (*Howard* v. *Bryan,* 133 Cal. 257, 260 [65 Pac. 462]). We do not understand that it is here contended that the petition which was filed by the executor was defective. In any event, an examination of this document in the light of the specific directions respecting the contents of such an instrument contained in section 1578 of the Code of Civil Procedure produces the conviction that an attack of this character would be unavailing. The statement of facts showing the necessity of providing additional money for the payment of debts and expenses of administration is full and complete. The advantage that would probably accrue to the estate from raising the money proposed to be borrowed is clearly set forth. The amount of money to be raised is specified. The property upon which the mortgage was to be executed is properly described. The names of the legatees and devisees are correctly designated.

The order granting the petition is likewise regular and nothing appears on its face to indicate a lack of jurisdiction in the court to make the order. We do not understand that there is any suggestion to the contrary. It is, however, contended that the evidence produced in form of the order to show cause which designated April 22, 1927, as the date for hearing the petition and the conceded fact that the hearing actually took place on April 18, 1927, which is the date of the order granting the petition, established that no notice

was given of the hearing and the order was therefore made without any opportunity being afforded to those interested in the estate to appear and to urge any objection to the granting of the petition. With reference to the evidence upon which appellant relies to establish her claim that the hearing of the petition was had without notice to persons interested in the estate, it should be noted that all of it was produced by respondent and that it was admitted over the objections of appellant. It is apparent therefore that respondent itself laid the foundation for appellant's collateral attack upon the order.

We have then this situation: A mortgage made by the executor pursuant to the authority of an order of the proper court which order is regular on its face and which was made in response to a petition therefor which is likewise regular on its face and sufficient in substance when tested by the directory provisions of the particular statute applicable. Familiar and long-established principles render a mortgage thus executed immune to collateral attack. Extrinsic evidence which impeached the validity of the order authorizing the execution of the mortgage was not therefore properly admissible. The peculiar fact that such evidence was offered by the party seeking to sustain the integrity of the mortgage could not alter the situation. Nor do we think that the additional fact that the trial court admitted evidence which was not properly admissible compelled the court to decide that the order was void and that consequently the mortgage which owed its existence to the order was void. It is apparent that the trial court arrived at the conclusion that, in giving consideration to a purely collateral attack, it was not justified in going beyond the face of the record of the proceeding consisting of the order granting leave to mortgage and the petition which established the foundation of jurisdiction. Since nothing appeared on the face of this record that indicated any jurisdictional defect in the proceeding the court evidently concluded that it was warranted in disregarding extrinsic evidence which tended to show that the probate court lacked jurisdiction to make the order because of lack of notice although such evidence was produced by the party who was seeking to sustain the mortgage. In arriving at this conclusion we are not impelled to declare that the trial court erred.

In this connection, it is proper to observe that there is no intimation that there was any unfairness in the proceeding. It is not pretended that the estate did not actually receive the money whose repayment was secured by the mortgage. The record shows that a part of the borrowed money was used to discharge an obligation contracted by the deceased prior to his death and that a considerable portion of the money was used to pay expenses of administration. Furthermore, it does not appear that appellant, who now seeks to dispute the validity of the mortgage, did not in fact have notice of the hearing of the petition or that she then had any objection to the making of the order. Under these circumstances, a collateral attack which is clearly technical in character is deserving of slight consideration.

In support of her contention that the mortgage sought to be foreclosed is void because it was made by the executor in favor of itself, appellant relies, first, on the provisions of section 1576 of the Code of Civil Procedure as this section existed at the time the mortgage was executed. The above-mentioned statute then provided that "no executor or administrator must, directly or indirectly, purchase any property of the estate he represents, nor must he be interested in any sale". It is our opinion that the statute is not even remotely applicable to the situation here presented. Certainly the execution of the mortgage did not amount to a sale of the property described in the mortgage (*Murphy* v. *Farmers'. etc. Bank,* 131 Cal. 115, 120 [63 Pac. 368, 731]) and we know of no statute or rule of law which prohibits an executor or administrator from advancing to the estate which he represents money to be used in the payment of pressing claims against the estate or in payment of expenses of administration.

It appears to be suggested that because a part of the money advanced by the executor was used to pay the fees allowed to it for its services as executor that there was a breach of the duty which it owed to the estate and to the persons interested therein. It may be conceded that the relationship of an executor to the estate which he represents is confidential and fiduciary, that the executor acts in a highly fiduciary character in his dealings with the estate, and that he is required to exercise the utmost good faith in dealing with persons interested in the estate. It is not

here suggested, however, that the executor was enabled to secure any greater compensation for its services as executor than it was entitled to receive or that it gained any advantage at the expense of the estate because of the execution of the mortgage.

Appellant further argues that the mortgage was void because its execution in the manner above outlined constituted a violation of the trust relationship which existed between the executor and the estate and persons interested therein. Various sections of the Civil Code relating to the obligations of a trustee towards his beneficiaries, prohibiting a trustee from dealing with trust property for his own benefit, prohibiting a trustee from obtaining any advantage from his beneficiary through the influence of his position as trustee, etc., are cited in support of appellant's contention. It is perhaps a sufficient answer to the contention to point out that there is not a scintilla of evidence in the record which had the remotest tendency to impute bad faith to the executor in its advancement of money to the estate and in its execution of the mortgage to secure repayment of the loan. It must again be noted that the attack here presented is purely collateral. If appellant considered that the executor was guilty of any violation of the duty which it owed to her because of the position of trust which it occupied she has long since had ample opportunity to make a direct attack upon its action in executing the mortgage. Finally, in connection with this contention, it must be observed that a mortgage of the character which is here being considered is essentially different and decidedly less favorable to the mortgagee and those who succeed to his interest than the ordinary mortgage. The point of differentiation is that there is no possibility of a deficiency judgment against anyone—other than the estate of the deceased—in the event that a sale of the mortgaged premises does not bring a price sufficient to meet the debt (*Fast* v. *Steele*, 127 Cal. 202, 204 [59 Pac. 585] ; *Murphy* v. *Farmers' etc. Bank, supra);* and then the mortgagee would, if it had filed a claim based upon the mortgage, become a general creditor of the estate of the deceased to the extent of the deficiency.

Consideration should be given to a final contention advanced by appellant. After respondent had rested its case, appellant offered in evidence a copy of the complaint

and summons in a certain action instituted in Fresno County by appellant in which the Bank of America National Trust and Savings Association and the Bank of Italy National Trust and Savings Association were named as defendants. The evidence was admitted and it was stipulated that the action was instituted on February 2, 1932. So far as appears, the action thus brought in Fresno County was pending at the time the present suit was tried in the Superior Court of Kern County. It was appellant's contention during the trial of the instant action and it is her contention on appeal that the prior action in Fresno County was a bar to the prosecution of this action for foreclosure of the mortgage. Consideration of this contention requires an examination of the complaint filed in the Fresno County action. This examination discloses that the Fresno County suit was brought by appellant for the purpose of terminating a trust with respect to the entire property of the estate of Arthur T. Connard, deceased. It is alleged that the trust was created by virtue of the provisions of the will of the deceased, that the Bank of Italy National Trust and Savings Association was named in the will as executor and upon the settlement of the first and final account the entire property of the estate was distributed to the aforesaid bank as trustee under the terms of the will. It is further alleged that the will provided that the trust should cease and terminate upon the happening of a certain event which it is alleged has occurred, wherefore it is asked that the court decree that the trust created by the terms of the will has terminated and ended and that appellant ever since the happening of the event specified has been and now is the owner of the entire property of the estate "free from said trust and any claims of said defendants, and is entitled to the possession of all of said property".

Among the property of the estate which is described in the complaint and which is alleged to have been distributed to the above-mentioned bank in trust is the real property which is described in the mortgage sought to be foreclosed by the present action. It is, however, significant that there is no mention of the mortgage in the complaint filed in the suit to terminate the trust. Since this is true and since it is not disputed that the mortgage was executed as shown by the record on this appeal, it is obvious that the pendency of the action in Fresno County could not constitute a bar to the prosecution

of the present action. There is only one element that lends the slightest support to appellant's contention with respect to the pendency of the Fresno County action constituting a bar to the present action. This is contained in the hereinabove quoted language of the prayer of the complaint wherein it is asked that it be decreed that appellant is the owner of the entire property of the estate including the real property which is described in the mortgage "free . . . from any claims of said defendants". However, it has been declared that the relief demanded in a complaint does not indicate the character of the action. The character is determined by the substance of the action which is generally to be ascertained by reference to the allegations of the pleading without regard to the nature of the relief demanded. (*Bartley* v. *Fraser*, 16 Cal. App. 560, 564 [117 Pac. 683].) Application of this rule renders appellant's contention untenable. The significant fact that the existence of the mortgage is nowhere mentioned in the complaint raises the inference that appellant did not, in the Fresno County action, seek to have her title in the land quieted against the lien of a valid existing mortgage but that she merely sought thereby to terminate the trust which is so fully described. No citation of authorities is required in support of the simple proposition that the trust may properly be terminated without reference to the mortgage lien. The trust created by the terms of the will and the lien created by the mortgage are entirely and essentially different. The former might properly be terminated without affecting in the slightest degree the existence of the latter.

For the reasons herein stated the judgment is affirmed.

Barnard, P. J., concurred.

Mr. Justice Marks, deeming himself disqualified, did not participate in this opinion.