[No. 14890.   Department Two. — March 6, 1893.]

HENRY THOMAS, RESPONDENT, v. J. L. PARKER, ADMINISTRATOR, ETC., ET AL., APPELLANTS.

ESTATES OF DECEASED PERSONS — MORTGAGE BY ADMINISTRATOR — RE-
CITAL OF ORDER OF COURT. — A mortgage of property of a decedent,
executed by the administrator of the estate pursuant to an order of the
superior court, duly made, under the provisions of sections 1577 and
1578 of the Code of Civil Procedure, which, after referring to the order
of the superior court authorizing its execution, recites that "the mort-
gagor, pursuant to the order last aforesaid, mortgages to the mortgagee,"
sufficiently shows that the mortgage was executed by the mortgagor in
his character as administrator, in pursuance of law, and the order of
the superior court directing its execution.

ID. — ORDER TO SHOW CAUSE — PUBLICATION — SERVICE UPON MINOR
HEIRS. — An order to show cause why the real estate of a decedent
should not be mortgaged, made under the provisions of sections 1577
and 1578 of the Code of Civil Procedure, and which was duly published
as provided in subdivision 3 of section 1578 of the Code of Civil Pro-
cedure, is not insufficient because it does not direct or require personal
service upon the minor heirs.

ID. — GUARDIAN AD LITEM — JURISDICTION — IRREGULARITY — VALIDITY
OF MORTGAGE. — In proceedings for the mortgaging of property of a de-
cedent, by the administrator of the estate, under sections 1577 and 1578
of the Code of Civil Procedure, the appointment of a guardian ad litem of
minor heirs is not required. The court which has jurisdiction to ad-
minister the estate has jurisdiction to authorize the mortgage; and the
non-appointment of a guardian ad litem is, at most, only an irregularity,
which, by the terms of the code, cannot impair or invalidate the proceed-
ings, or the mortgage given in pursuance thereof.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion of the court.

*A. W. Blair*, and *R. W. Ready*, for Appellants.

*James A. Thomas*, and *D. P. Hatch*, for Respondent.

The COURT. — This action was brought to foreclose a mortgage executed in favor of the plaintiff by the administrator of Mary E. Parker, deceased. The purpose for which the mortgage was given seems to have been to borrow money with which to pay certain debts of the decedent contracted in her lifetime, and to pay expenses

of administration, family allowance, etc. The defendants are the husband, who is also the administrator of Mrs. Parker's estate, and her minor children. Demurrers were filed to the complaint and overruled, the defendants then answered the complaint, and upon evidence given in the premises, findings being waived, the trial court entered a decree of foreclosure in accordance with the prayer of the complaint. From the judgment thus made this appeal is taken on the judgment roll and bill of exceptions.

One of the grounds upon which a reversal of the judgment is demanded is, that the petition which was filed by the administrator when seeking to obtain the order of the probate court to mortgage the real estate of his decedent was insufficient, and did not therefore give that court jurisdiction to make the order. The law under which this proceeding can be had is to be found in the Code of Civil Procedure, sections 1577 and 1578. A critical examination of the petition and of the language of the statute makes it clear that the petition is sufficient.

The further contention of appellants, that the mortgage sought to be foreclosed was not executed by J. L. Parker in his character as administrator of the estate of Mary E. Parker, and is therefore only a personal mortgage of said Parker, is clearly without merit. The mortgage, after referring to the order of the superior court authorizing its execution, proceeds to recite: "Now, therefore, the said mortgagor, pursuant to the order last aforesaid, . . . . mortgages to the mortgagee," etc. This, with the other recitals, is sufficient to show that the mortgage was intended as a mortgage of property belonging to the estate of which the mortgagor was administrator, and was executed by him in his character as administrator, in pursuance of law and the order of the superior court directing its execution.

It is further argued that the order to show cause required by the second subdivision of section 1578 of the Code of Civil Procedure is insufficient, because it does

not comply with the provisions of that subdivision, and
for the further reason "that the same does not direct or
require the personal service thereof to be made upon
the infant defendants herein and minor heirs in said
proceedings, it appearing therein that each and all of
them were under the age of fourteen years." The court
refused, on the objection of the defendants, to rule out
the order above adverted to and offered in evidence.
The objection as made is general, with the exception
of the matter last specified, with reference to the want of
personal service on the minors, and therefore the trial
court had only that matter called to its attention in a
proper way. In relation to this objection, it is sufficient
to say that subdivision 3 of section 1578 of the Code of
Civil Procedure, under which the order to show cause
was made, provides that service of such order may be
made personally, " or it may be published for five suc-
cessive weeks in a newspaper of general circulation pub-
lished in the county." And the order was so published,
and in accordance with the directions contained in such
order. There is therefore nothing in the exception
taken. The appellant further claims that in order to
validate the proceedings it was necessary for a guardian
*ad litem* to be appointed to represent the minors. The
act under which this proceeding is taken does not re-
quire any guardian *ad litem* to be appointed, and pro-
vides that if the court has jurisdiction to administer the
estate of the decedent, about which there is no question
here, it has jurisdiction to make the order for the mort-
gage. And it further provides that " no irregularity in
the proceedings shall impair or invalidate the same, or
the mortgage given in pursuance thereof," etc. (Code
Civ. Proc., sec. 1578, subd. 6.) The non-appointment
of the guardian *ad litem* is an irregularity. (*Emeric* v.
*Alvarado*, 64 Cal. 600.) Hence there is no merit in the
point last made.

Judgment affirmed.