GRAFTON NATIONAL BANK *vs.* OLIVER M. WING, administrator.

GRAFTON SAVINGS BANK *vs.* SAME.

Worcester.     October 7, 1898. — February 28, 1899.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Promissory Note — Liability of Indorser — Agency.*

The indorsement on a promissory note "Estate of Jona. D. Wheeler, Henry F. Wing, Executor," means "estate of Wheeler by Wing," and therefore fails to bind Wing by contract.

TWO ACTIONS OF CONTRACT upon promissory notes. The first of the notes in the first case was as follows:

"$2,000.$\frac{no}{100}$.   Grafton, February 1st, 1892. Four months after date we promise' to pay to the order of ourselves two thousand dollars at Grafton National Bank. Value received. Wheeler Cotton Mills, Henry F. Wing, Treas'r."

Indorsements:

"Waiving demand and notice. Wheeler Cotton Mills, Henry F. Wing, Treas. Estate of Jona. D. Wheeler, Henry F. Wing, Executor."

The second note was for $3,000, and was otherwise identical with the first note except that it was dated February 17, 1892.

The following is a copy of the note in the second case:

" $8,000.$\frac{no}{100}$.    Grafton, March 2d, 1892.    One month after date the Wheeler Cotton Mills promise to pay to the order of the Grafton Savings Bank eight thousand dollars with interest at $4\frac{1}{2}$ per cent per annum at Grafton Savings Bank.    Value received.    Wheeler Cotton Mills, by Henry F. Wing, Treas."

Indorsements:

" September 30, 1896.    Three thousand dollars paid on the within note.    W. H. Wheeler, Jno. D. Wheeler Estate, Henry F. Wing, Executor."

The cases were tried together without a jury, before *Hopkins,* J., who allowed a bill of exceptions in substance as follows.

Henry F. Wing was the defendant's intestate, and was the treasurer of the Wheeler Cotton Mills, and also executor of Jonathan D. Wheeler's will.    The plaintiff in each case had received a part payment under a compromise agreement with the Wheeler Cotton Mills, and the plaintiffs sought to hold Henry F. Wing's estate on the ground that he was personally liable.

George K. Nichols, the president of both the plaintiff banks, testified for the plaintiff that prior to the giving of the notes, which were given in renewal of former notes similarly indorsed, and which had been originally indorsed by Jonathan D. Wheeler and during the life of the notes in suit, he had told the defendant's intestate that the indorsements bound him personally, and not the estate of Jonathan D. Wheeler; that when Wing first gave them notes indorsed by the Wheeler estate and by himself as executor, they questioned his right to indorse those notes in that way, and from that time constantly took that position toward him; that Wing said he thought he had the right; that they took the notes with Wing's indorsements, feeling that he was good for them, and that he would be holden for them, and he was told so, and the banks consulted counsel and were told that that was true, and they told Wing what the counsel said, and he also testified that the indorsements were on the notes at their inception.

The defendant requested the judge to rule that the actions could not be maintained.    The judge refused so to rule, and

found for the plaintiff in each case; and the defendant alleged exceptions.

*J. B. Scott & T. H. Gage, Jr.*, for the defendant.

*F. P. Goulding*, (*W. C. Mellish* with him,) for the plaintiffs.

HOLMES, J.  These are two actions of contract against the administrator of the estate of Henry F. Wing, seeking to hold him upon two indorsements made by Henry F. Wing as executor of the will of Jonathan D. Wheeler.  The indorsements were in the following form: "Estate of Jona. D. Wheeler, Henry F. Wing, Executor."

A majority of the court are of opinion that these words mean "Estate of Wheeler by Wing," and therefore that at least they failed to bind Wing by contract.  It is quite true that the law does not know the estate of a dead man as a contractor, and that, unless the fact that these indorsements were the renewal of indorsements by Wheeler in his lifetime makes a difference, they did not bind the estate.  But that merely shows that the indorsements were made by Wing under a mistake of law, as the testimony also proves to have been a fact.  But the presence of Wing's name upon the paper and his failure to bind his supposed principal are not enough to make the contract his own.  *Jefts* v. *York*, 4 Cush. 371, and 10 Cush. 392, 395, 396.  *Abbey* v. *Chase*, 6 Cush. 54, 56, 57.  *Taylor* v. *Shelton*, 30 Conn. 122.  If a man does not purport to be a party to negotiable paper, he is not a party to it.  See further 1 Dan. Neg. Instr. (4th ed.) §§ 306, 307, 308.  *Bartlett* v. *Tucker*, 104 Mass. 336.  It is true that it is suggested by Mr. Daniel that in such cases an ambiguous expression may be interpreted to bind the agent, but neither that suggestion nor a presumption that the agent knew the law can pervert words from their meaning if the meaning is plain.  The so called presumption is a requirement, not a presumption of fact, and has no bearing or weight upon the construction of instruments.

We are of opinion that the court should have ruled that the defendant was not liable.

*Exceptions sustained.*