WISCONSIN TRUST COMPANY and others, Respondents, vs.
CHAPMAN, Appellant, and others, Respondents.
SAME, Appellants, vs. PIERCE, imp., Respondent.

*February 29—April 19, 1904.*

*Administrators: Mortgage of land to pay claims: Personal liability:*
   *Assignment of notes:* Bona fide *holders: Foreclosure: Costs:*
   *Estoppel: Stamp act.*

1. A transfer of real estate by an administrator, under the power
   and direction of the court, should be viewed in the light of
   his relation to the property and the objects to be accomplished,
   and the words of the transfer should be given an interpreta-
   tion limited to the occasion.

2. Promissory notes and an accompanying mortgage of lands of
   a decedent, executed by an administrator under the direction
   of the court as security for a loan obtained in order to pay
   claims against the decedent, should be construed together.

3. Such instruments in this case are *held* to show on their face
   that they were executed by the administrator in his represen-
   tative capacity under authority from the court, so that neither
   the original mortgagee nor *bona fide* purchasers obtained any
   right to enforce payment against the administrator personally.

4. In an action to foreclose a mortgage given by an administrator,
   where judgment was demanded against him personally for
   any deficiency, costs were properly awarded to him in a judg-
   ment determining that he was not personally liable and grant-
   ing his counterclaim for reformation of the instruments ac-
   cordingly.

5. An heir who appeared in the proceeding wherein the adminis-
   trator was authorized to mortgage real estate, and afterwards
   assented to the settlement of the final account and discharge
   of the administrator and to the partition of the estate which
   gave her the mortgaged lands subject to the mortgage, is es-
   topped to question, in an action to foreclose the mortgage, the
   regularity of the proceeding by which the mortgage was au-
   thorized.

6. Notes secured by a mortgage were executed to a trust company,
   which afterwards assigned the notes to several persons. In
   an action by the company and such assignees they obtained
   judgment of foreclosure. *Held*, on appeal, that the objection
   that the assignment of the notes was invalid because not prop-
   erly stamped under the federal statutes is unavailing, since,
   even if such be the fact, the judgment should stand as prop-
   erly awarded in favor of the trust company.

APPEAL from a judgment of the circuit court for Milwaukee county: WARREN D. TARRANT, Circuit Judge. *Affirmed.*

This is an action to foreclose a mortgage and to recover a personal judgment for any deficiency that may exist after the application of the amount realized on the mortgaged property. The facts upon which the questions involved rest are as follows:

Sherburn Bryant died in February, 1895, leaving considerable property situated in Milwaukee county, consisting largely of real estate. *Oscar H. Pierce* was duly appointed administrator of the estate of the deceased. At the time of his death the deceased was indebted to a considerable amount, and the personal property left by him was not sufficient to pay these debts. *Oscar H. Pierce,* as such administrator, presented his duly verified petition to the Milwaukee county court in probate on May 16, 1898, setting forth the amount of the personal property of the estate available for the payment of the debts, the amount of the debts remaining unpaid, and that such personal property was wholly insufficient for the payment of the unpaid claims then ascertained and allowed against the estate, and setting forth such other matters as are required by sec. 3875, Stats. 1898, for obtaining a license to mortgage the real estate of the deceased as security for a loan for the payment of such debts. The amount necessary for such purposes was stated to be $35,000. An order was duly entered by the Milwaukee county court, directing that notice of this application be published and served on the heirs. Due proof of the publication and service of this notice on *Ethel Bryant Chapman* and other heirs was filed June 6, 1898. *Ethel Bryant Chapman* and other heirs filed objection to the application June 14, 1898. After hearing such objection, the Milwaukee county court in probate, on July 1, 1898, directed and authorized defendant *Oscar H. Pierce* to mortgage the real estate as security for a loan of the sum of $35,000 from the *Wisconsin Trust Company,* upon

the terms and conditions theretofore submitted to the consideration of the court, and that he carry out the conditions of the offer of the trust company for a loan.    The offer was upon condition that the money loaned be evidenced by notes of $500 each, and that they be secured by three separate mortgages upon three different parcels of real estate, to secure respectively the payment of $8,000, $9,000, and $18,000.    The court directed *Oscar H. Pierce,* before executing the mortgages and notes, or any of them, to give a bond to the judge of the Milwaukee county court, with sufficient security, to be approved by the court, conditioned that he disburse and account for all the money received under the loan.

On July 9, 1898, *Oscar H. Pierce,* as administrator of said estate, executed and delivered the mortgages, as directed by the court, to the *Wisconsin Trust Company;* and he also executed and delivered the series of thirty-six promissory notes of $500 each, evidencing the amount of said loan, secured by the mortgages on the real estate.    These notes were all dated the same day, and contained the following as part of their contents:

"Milwaukee, Wisconsin, July 7, 1898.
"For value received, I, *Oscar H. Pierce,* administrator of the estate of Sherburn Bryant, deceased, acting under an order of the county court for Milwaukee, Wisconsin, dated July 1st, 1898, promise to pay to the *Wisconsin Trust Company,* or order, at the office of said company, in exchange on New York, the sum of five hundred dollars in United States gold coin of the present standard weight and fineness, or its equivalent, on or before the 7th day of July, 1903, with interest thereon at the rate of five per centum per annum," etc.

Aside from other stipulations in the notes, they had coupons annexed providing for the payment of interest.    The mortgage recited that *Oscar H. Pierce,* as administrator of the estate of Sherburn Bryant, late of the county of Milwaukee, state of Wisconsin, was party of the first part, and

the *Wisconsin Trust Company* (plaintiff herein) the party of the second part, and among its provisions were the following:

"And the said *Oscar H. Pierce,* administrator aforesaid, for himself, his successors and assigns, covenants and agrees with the said party of the second part, its representatives and assigns, to keep the building or buildings now standing, or which may hereafter be erected on the above described premises, insured against fire."

"And to pay annually to the proper officers all taxes and assessments which shall be levied or assessed on said real estate, or any part thereof."

"That the said party of the first part, at the time of the ensealing and delivery of these presents, is the true, lawful, and rightful owner and proprietor of the said premises above described, and every part thereof, and is seized of a good, sure, perfect and indefeasible estate of inheritance therein in fee simple, and has good right, full power, and lawful authority to grant, bargain, sell and convey the said premises, and every part thereof, to the said party of the second part, in the manner and form aforesaid . . . that the said party of the first part will forever warrant and defend the same to the party of the second part, its successors or assigns, against all claims whatsoever."

"And these presents are upon this express condition, that if the said *Oscar H. Pierce,* administrator, party of the first part, his successors or assigns, shall pay or cause to be paid to the said party of the second part, its successors or assigns, the just and full sum of eighteen thousand dollars ($18,000) at or before the expiration of five years from the date of these presents . . . according to the tenor or condition of thirty-six notes, bearing even date herewith, executed by the said party of the first part to the said party of the second part . . . then these presents, and the said notes, shall cease and be null and void."

"In case suit shall be brought for the foreclosure of this mortgage, the said party of the first part for himself, his heirs, successors, and assigns, covenants and agrees that he will pay to the said party of the second part, its representatives or assigns, the expenses incurred for the purposes of

the foreclosure suit, and will pay in addition to the taxable costs in such suit an adequate and reasonable sum as solicitor's or attorney's fee . . . to be included with the expenses above mentioned in the judgment or decree."

The proceeds of this loan were applied in payment of the debts of the estate by *Mr. Pierce* as such administrator. Partition proceedings were instituted, and the property included in the mortgage in question was set over to the defendant *Ethel Bryant Chapman,* subject to the mortgage. The final account of *Oscar H. Pierce* as administrator of the estate was allowed and finally settled March 18, 1899. On petition of the heirs, including *Ethel B. Chapman,* the estate was finally assigned and distributed. The real estate covered by this mortgage was assigned to *Ethel Bryant Chapman,* defendant herein. She made some payments of interest on the notes and mortgage until January 7, 1902.

In March, 1903, the *Wisconsin Trust Company* commenced this action for the benefit of the owners and holders of the notes covered by this mortgage, and thereafter the owners and holders of the notes were made parties plaintiff in the action. Defendant *Oscar H. Pierce* answered, denying any individual liability on the notes, and interposing a counterclaim asking that the notes and the mortgage be reformed by inserting a clause to the effect that it was understood and agreed, before the execution of said notes and mortgage, between himself and the trust company, that he should not be personally liable for the amount of the loan. The defendant *Ethel Bryant Chapman* appeared in the action, denying that plaintiff *Wisconsin Trust Company* was a legally authorized corporation under the laws of Wisconsin, and denying that *Oscar H. Pierce,* as administrator of the estate of Sherburn Bryant, deceased, had been duly authorized and licensed to mortgage the real estate of Sherburn Bryant, deceased, to secure the loan of $35,000, as asserted, and alleging that the notes and the mortgage were void and of no effect.

The court found as facts that the *Wisconsin Trust Company* was a duly organized and existing corporation under the laws of the state; that defendant *O. H. Pierce* was duly appointed administrator of the estate of Sherburn Bryant, deceased, and that he duly qualified and acted as such administrator, and that on July 1, 1898, he was duly licensed to mortgage the real estate, described in the complaint, for the term of five years, to secure the sum of $18,000, payable on or before five years, with interest at five per cent. per annum, payable semiannually, and in pursuance of this order *O. H. Pierce,* as such administrator, on or about July 9, 1898, made, executed, and delivered to the *Wisconsin Trust Company* a mortgage on the real estate described, to secure the payment of $18,000, evidenced by thirty-six notes of $500 each, of even date with the mortgage, promising to pay as stated in the notes and mortgage containing the provisions above recited; that the notes have not been paid as required, and that the owners have exercised the election to declare the whole amount due in default of the payment of interest, insurance, taxes, etc.; that the *Wisconsin Trust Company* was and is the holder of the mortgage, in trust for the purpose of securing payment for the benefit of the owners of all the notes, and that the notes are now held and owned by the several plaintiffs as alleged; that the several plaintiffs purchased the notes for value, before maturity and before the commencement of this action; that the several plaintiffs, owners of the notes, had no actual notice of the mutual mistake in omitting to insert a condition in the notes and mortgages, expressing the agreement, between the trust company and *O. H. Pierce,* that he should not be personally liable for the loan evidenced by the notes. The court also found the amounts due, with interest, and awarded judgment of foreclosure and sale of the mortgaged premises.

The court further found that the defendant *Ethel Bryant Chapman* was the owner of the real estate covered by the

mortgage; that it had been assigned to her as one of the heirs of Sherburn Bryant, deceased, subject to the mortgage; that she appeared in the county court in the proceedings to license *Mr. Pierce,* as administrator, to mortgage the real estate of decedent, and in writing assented that the final account of *O. H. Pierce,* as such administrator, be allowed, and that he be discharged; and that she accepted the division made in the partition proceedings, and assumed the obligations thereby imposed, and thereafter paid interest on the loan secured by mortgage on the real estate assigned to her.

This is an appeal from the judgment, by the *Wisconsin Trust Company* and other plaintiffs, in so far as it awards relief to *Oscar H. Pierce* in releasing him from personal liability for any deficiency that may be found to be due after applying the proceeds realized on the sale of the mortgaged premises, and that part of the judgment awarding him his costs in the case; also an appeal by *Ethel Bryant Chapman* from the whole of the judgment.

For the plaintiffs there were briefs by *Miller, Noyes & Miller,* and oral argument by *George H. Noyes.*

For the defendant *Oscar H. Pierce* there was a brief by *Nath. Pereles & Sons,* attorneys, and *G. D. Goff,* of counsel, and oral argument by *Mr. Goff.*

*Rublee A. Cole,* for the defendant *Ethel Bryant Chapman* on her separate appeal.

SIEBECKER, J.   Defendant *Oscar H. Pierce,* as administrator of the estate of Sherburn Bryant, deceased, under a license duly granted him by the county court for Milwaukee county, made and executed the notes and the mortgage under the circumstances given in the foregoing statement of facts. The main controversy on this appeal pertains to the liability of the defendant *Oscar H. Pierce,* who was duly appointed, and who duly qualified, as administrator of the estate of Sherburn Bryant, deceased.   That he, as such administrator,

has no interest in the real estate of the deceased, nor power
to sell or incumber it, is elementary in the law of adminis-
tration.   The only authority to deal with real estate must
come from the court from which he received his appointment,
under the statutes providing for the disposition of lands by
executors and administrators.   Under these statutes, the real
estate of the decedent may be applied in satisfaction of the
decedent's debts, to the extent they remain unpaid after ap-
plying his personal property.   The statutes grant county
courts the power, under the procedure prescribed, to accom-
plish this object.   To render a sale or mortgage of the lands
valid within these provisions, there must be a substantial
compliance therewith under the direction and authority of
the county court.   In exercising these powers administrators
act as the instruments of the law, and they are strictly bound
by the special authority vested in them for this purpose.   A
transfer of the real estate by an administrator, under the
power and direction of the court, should therefore be viewed
in the light of his relation to the property and the objects to
be accomplished, and the words of the transfer should be
given an interpretation limited to the occasion.

Applying these considerations to the instant case, what
was the undertaking of the defendant *Oscar H. Pierce* under
the notes and mortgage given the *Wisconsin Trust Company*
to evidence the amount loaned by it for the purpose of pay-
ing the claims against the decedent by mortgaging his real
estate?  We must observe at the outset that this transaction
of the administrator differs widely from the duties imposed
on him by the law in the administration of the decedent's
personal estate.   As to the personalty, he was the owner and
held the title for the beneficial interest of the creditors and
heirs.   In dealing with it he acts voluntarily and as owner,
and solely in his personal capacity.   In such transactions he
represents no principal, and upon well-established rules he
assumed all liabilities as personal in character, relying upon

his lien for indemnity out of the estate for expenses and lia-
bilities incurred in a proper administration of his trust. In
the disposition of real estate his duties are imposed by law
and directed by the court, under the authority of the statute,
and can be carried out only in the prescribed manner. He
has no interest in or control over the property, except as he
executes the mandates of the court to enforce the creditors'
claims against the decedent's real estate. These grounds have
been held to furnish the distinction between the adminis-
trator's liability in his personal and representative capacities
in performing his duties as administrator of the estate.

It is contended that the instruments show on their face
that the administrator assumed personal liability, in that the
agreements and covenants cannot be held to bind the heirs,
the only other persons concerned in the transaction, and that
the notes must be treated as separate and distinct obligations
from the mortgage. From the nature of the proceeding au-
thorizing the execution of the notes and mortgage, it follows
that they cover the same transaction and must be construed
together. The conditions of this loan by the trust company
were submitted to the county court before the loan was au-
thorized. The kind of notes to be given to evidence the
amount loaned and when payable, as well as the amount of
the interest and when due, were covered and directed by the
court's orders. This furnishes a good and sufficient explana-
tion why the notes were executed, and that they were made
by the parties under the license to mortgage, and intended as
an execution of the authority given and directed by the court.
The notes bear evidence on their face that this was the under-
standing, by reciting the administrator's authority in these
words: "I, *Oscar H. Pierce,* administrator of the estate of
Sherburn Bryant, deceased, acting under an order of the
county court for Milwaukee county, Wisconsin, dated July
1st, 1898, promise to pay to the *Wisconsin Trust Company,*"
etc. These are apt words to show the source of his authority

and that he acted in his representative and not in his personal capacity. The same considerations are applicable to the mortgage, which recites that he, as administrator of the estate of Sherburn. Bryant, deceased, is a party to the instrument, and that the covenants and agreements therein were made by him as such administrator, without assuming any personal liability in the transaction.

It is, however, asserted that the purchasers of the notes obtained them as negotiable paper, and had a right to rely upon the administrator's personal liability. We cannot yield our assent to this contention, under the circumstances of this case. The notes on their face gave notice to the purchasers that they were made in a representative capacity, and that their execution was referable to the official duty of the administrator, and were limited in their effect by the authority of the county court to mortgage the decedent's real estate. With this notice before the purchasers, they were apprised of the real nature of the contract, and they, as well as others, were bound by the record in the county court where the estate had been administered. This imputes notice to the purchaser of the facts and the authority under which the instruments were executed, and thus gave them no more advantageous position than that of the trust company as the original holder. It follows that the trust company contracted with the administrator in his representative capacity to loan the amount upon the conditions submitted to the court, and accept the real estate mortgaged as security for the payment of the amount due under the contract, and, in default of it, it and its assigns can only enforce payment out of the proceeds of a sale of this real estate.

The following cases bear upon the question of an administrator's liability, in his personal and in his representative capacities, in administering and dealing with the decedent's estate: *McLaughlin v. Winner,* 63 Wis. 120, 23 N. W. 402; *Shontz v. Brown,* 27 Pa. St. 123; *Sumner v. Williams,* 8

Mass. 162; *Peirson v. Fisk,* 99 Mich. 43, 57 N. W. 1080; *Chouteau v. Suydam,* 21 N. Y. 179; *Thomas v. Parker,* 97 Cal. 456, 32 Pac. 562; *Kingsbury v. Wild,* 3 N. H. 30; *Van Bibber v. Reese,* 71 Md. 608, 18 Atl. 892; 2 Woerner, Administration, § 480.

Error is assigned upon the ground that the court awarded costs in this action to defendant *Oscar H. Pierce.* The conclusions we have reached make it apparent that the defendant *Pierce* had a good defense to the claim made against him by the plaintiffs. Nor do we find grounds for criticism of his course in pleading the matter set up in the counterclaim. This course was evidently adopted to bring to the court's attention all the matters available to him under the different phases of the case presented by the proof. His action is amply justified by the findings of the trial court in awarding him the relief demanded in his counterclaim as a good and sufficient avoidance of the demands of the complaint, though we deem the counterclaim immaterial in view of his complete defense in the action upon the grounds above stated.

The defendant *Ethel Bryant Chapman* appeared by attorney in the proceeding in the county court wherein the court authorized the mortgage in question. She also appeared at the settlement of *Mr. Pierce's* final administration account, and assented to its approval and his discharge by the court. She also accepted the partition of the estate, which gave her the property in suit, subject to the mortgage. Under these circumstances she is estopped by the court's decrees from raising the question of the irregularity of the proceedings in the county court which are involved in this litigation. *O'Dell v. Rogers,* 44 Wis. 136; *Heminway v. Reynolds,* 98 Wis. 501, 74 N. W. 350. No grounds are suggested by her upon which she can rest an objection that the *Wisconsin Trust Company* is not a corporation and that it had no power to make the contracts in question. We think the court properly held that the trust company was a duly

organized corporation, and that this defendant is not in position to question the legality of these instruments.

The further objection is made in her behalf that, at the time of the alleged transfer of the notes by the trust company to the other plaintiffs, no formally stamped assignment of the notes or interest in the mortgage securing their payment was made, and for that reason the assignment is invalid as violating the federal statutes prescribing the revenue stamp tax. This objection, if applicable to the holders of the notes, can in no way affect the right of the *Wisconsin Trust Company,* the original owner and holder of the notes and mortgage. The trust company is a party plaintiff to this action, and, if the other plaintiffs are not the owners of the notes and the interest in the mortgage, under the suggestion of appellant, then the judgment must stand as properly awarded in favor of the trust company and against *Ethel Bryant Chapman.* We find no reversible error in the record upon this ground.

These considerations cover all the material questions of the case, and make it unnecessary to consider other questions discussed in the briefs of counsel. The judgment of the circuit court was properly awarded as to the amount due, and in directing a foreclosure of the mortgage and a sale of the premises, and in applying so much of the proceeds as may be required to pay the debt, and that *Oscar H. Pierce* is not personally liable for the amount due on the notes and mortgage.

The reformation of the instruments as prayed for in the counterclaim of *Oscar H. Pierce,* and the decree of the court directing the insertion of the express stipulation that *Mr. Pierce* be not personally liable upon the notes and mortgage, become immaterial in our view of the case.

*By the Court.*—The judgment of the circuit court is affirmed.