Everett D. Call vs. Myra L. Garland.

Somerset.    Opinion July 3, 1924.

*The credit of an estate of a deceased person may be pledged for all reasonable expenses incurred in providing a decent burial; not so for a monument or gravestone, though a judge of probate may authorize an expenditure for such purposes to be allowed from the estate, or decree an allowance from the estate to reimburse for such expenditures made without authority from the probate court.*

In the instant case the defendant ordered the monument in question over her personal signature and not as administratrix.

Had she in her capacity as administratrix ordered the monument she would in the first instance be liable personally, though the probate court might allow reimbursement from the estate.

In this case there was a clear and complete contract between the parties and there was no subsequent change or modification thereof by them made.

On exceptions.    An action of assumpsit to recover the purchase price of a monument.    The defendant, who at the time was the administratrix of the estate of her husband, on December 5, 1922, ordered in writing the monument in question from the plaintiff and it was delivered and set at the grave of her husband.    The contention of the plaintiff was that the defendant personally ordered the monument and thus became personally liable for it, while the defendant's position was that she ordered it in her capacity as administratrix, that she was not liable personally, and that the plaintiff must recover from the estate if at all.    At the conclusion of the evidence the presiding Justice directed a verdict for the plaintiff and defendant excepted.

Exceptions overruled.

*Harry R. Coolidge*, for plaintiff.

*Harvey D. Eaton*, for defendant.

Sitting:   Cornish, C. J., Philbrook, Dunn, Spear, Barnes, JJ.

Dunn, J.   When this defendant was administering her husband's estate, she ordered the monument that marks his grave, the agreement between herself and the plaintiff being signed by the defendant as "Mrs. George H. Garland."

On the day of the signing, and before the plaintiff had left the defendant's house, the defendant said to the plaintiff, bill my husband's estate for the burial vault and other things you have already furnished and for the monument you are to furnish, for I want the bill that way. The bill for the vault, rendered several weeks before, was handed to the plaintiff who added the charge for the monument, and passed the bill back to the defendant.

The monument was made and set. But the defendant did not pay for it, insisting that there was no promise enforceable against her personally.

Defendant has exception to the directing of the verdict for the plaintiff.

A charge for a monument or gravestone is not one for which the law pledges the credit of the estate that a decedent owned. Allowances may be made by probate judges to administrators therefor. R. S., Chap. 68, Sec. 61. But the purport of the statute is the granting of judicial leave so to spend money, or the finding, when the administrator files his account, that an expenditure, previously undecreed, is reimbursable. Massachusetts, whose statute is similar to ours, has determined those points. *Sweeney* v. *Muldoon*, 139 Mass., 304; *Durkin* v. *Langley*, 167 Mass., 577; *Mayo* v. *Skinner*, 149 Mass., 375; *Dudley* v. *Sanborn*, 159 Mass., 185.

That one who is a fiduciary may contract personally is manifest. An administrator, by attempting to make the estate he represents a party to an executory contract, upon a new and independent consideration, though the contract be in the interest and for the benefit of the estate, would create personal liability. *Davis* v. *French*, 20 Maine, 21; *Baker* v. *Fuller*, 69 Maine, 152; *Carter* v. *Bank*, 71 Maine, 448; *Wilton* v. *Eaton*, 127 Mass., 174; *Rosenthal* v. *Schwartz*, 214 Mass., 371; *Elisberg* v. *Simpson*, 173 N. Y. S., 128. Even where the subject-matter is gravestones, or legal services, the rule remains the same. *Ferrin* v. *Myrick*, 41 N. Y., 315; *Eaton* v. *Walker*, 244 Mass., 23.

It is competent for an administrator to stipulate, by words of exemption, against personal liability. Williston on Contracts, Section 311; *Grafton Bank* v. *Wing*, 172 Mass., 513. In such event no contract would arise for lack of a contracting party. And, to instance further, in Prof. Williston's words, "though no contract with the estate, as such, is possible, it is possible that the executor shall agree

to perform only to the extent that the assets of the testator's estate permit, and that the person with whom the executor contracts shall accept such a limited promise in return for his own promise or performance." Williston, supra.

Only what was done is valuable to know.

First, with the preliminary entries chasing each other in order and coherence down the filled-out printed form, the defendant engaged to pay personally, and stated that fact just as clearly as meaning could be conveyed in this earnest world by human speech.

Then, as the defendant would have it, by the request for and the billing of the monument, consequence or value was taken from her promise, or at least that promise was made to drift in the underworld of indeterminates, where, in scouting for meaning, sidelights thrown upon the loose ends of expressed thoughts might reveal signification differently to the differing minds of different men.

Without being understood, all words are vain. But the defendant's words have this merit, they can be understood in the sense that the trial judge supposed them to mean, and not in congruence in more than that one sense.

There is no pretense now, in difference from the trial, that the estate was substituted for the defendant as a party to the contract. Never was it asserted that the agreement was to perform only to the extent of the assets. And there was utter want of evidence tending to show, that the minds that met and made the contract, met again and made that contract as nugatory as if it never had been, by removing the defendant as one of the but two contractors.

The evidence and the deducible inferences showed this: For the burial vault and the sexton's services the estate had not paid the submitted bill. The charge for the monument, the administratrix would undertake to justify. All those matters were for attention in the probate court. And the defendant, wishing for evidence that might lie close before the eye of that court like a level and open road, said bill the charges together against the estate. The plaintiff did. And prompt compliance followed spoken words without affecting the agreement to pay for the memorial to the dead.

There was abundant warrant for directing the verdict.

*Exceptions overruled.*