WILLIAM U. CARRE *v.* EDITH P. SEAMAN, who was sued with Marjorie E. Kane and Dorothea E. Simmons-Harris.

WILLIAM U. CARRE *v.* EDITH P. SEAMAN, MARJORIE E. KANE and DOROTHEA E. SIMMONS-HARRIS, Executrices under the Last Will and Testament of Emily E. Simmons, Deceased.

*(February* 15, 1937.)

LAYTON, C. J., RODNEY and SPEAKMAN, J. J., sitting.

*William Prickett* for plaintiff.

*Charles F. Richards* (of Richards, Layton and Finger) for defendant, Edith P. Seaman.

Superior Court for New Castle County, Nos. 287 and 288, September Term, 1936.  Demurrer to declarations.

LAYTON, C. J., delivering the opinion of the Court:

The plaintiff, in his first action, seeks to hold the defendant liable, although her endorsement disclosed that she was acting in a representative capacity.

The parties do not seem to be in material disagreement with respect to questions of substantive law, for it is not denied that, prior to the enactment of the *Negotiable Instrument Law* (*Rev. Code* 1935, *c.* 78 [*Section* 3125 *et seq.*]) an executor making or endorsing a bill or note became personally liable, except, perhaps, in exceptional cases, either upon the instrument itself, or in an action of deceit or for breach of implied warranty. See note to *Haupt v. Vint*, 34 *L. R. A.* (*N. S.*) 518; nor is it denied that, generally, under *Section* 20 of the *Uniform Law*, one who signs in a representative capacity is personally liable, if he was not duly authorized.

At common law an executor or administrator could

not impose liability on the estate by the transfer of a negotiable instrument, although he had authority to endorse such instruments for the purpose of transferring the decedent's title. But the endorsement operated no further, so far as the estate was concerned, than to effect a transfer of title, and any liability which might arise on the endorsement was the personal liability of the personal representative. 11 *A. & E.* (*2d Ed.*) 936.

The early rule supported by many cases, was that one who, without authority assumed to contract for another, became, himself, liable on the contract; but in most jurisdictions it is now held that the liability, in such circumstances, is not as a principal on the contract itself, but for breach of an implied warranty of authority, or in tort, as for deceit. See *Notes,* 42 *A. L. R.* 1312; 60 *A. L. R.* 1348.

■ *Section* 20 of the *Uniform Law* (*Section* 3144, *Rev. Code* 1935) reads in part:

"Where the instrument contains or a person adds to his signature words indicating that he signs for or on behalf of a principal, or in a representative capacity, he is not liable on the instrument if he was duly authorized"; and the plaintiff has assumed, an assumption not questioned, that the liability of one who signs in a representative capacity, but without authority, is upon the instrument itself, as a necessary implication from the phraseology of the section. *New Georgia Nat. Bank v. J. & G. Lippmann et al.,* 249 *N. Y.* 307, 164 *N. E.* 108, 60 *A. L. R.* 1344; *Foster v. Featherstone,* 230 *Ala.* 268, 160 *So.* 689; *Pain v. Holtcamp* (*C. C. A.*), 10 *F.* (*2d*) 443; *Trust Co. of N. J. v. Bream,* 167 *A.* 163, 11 *N. J. Misc.* 569.

It would seem, therefore, that the *Uniform Act* has changed the law in the jurisdictions adopting it, which held that the liability was not on the instrument itself, and is merely declaratory of the law in the jurisdictions adopting

it, where the early or common law rule prevailed. Our attention has been called to no case, nor have we been able to find a case in this State, which would point to a departure from the early rule.

The parties definitely disagree upon what, in our opinion, is a question of pleading. The defendant insists that the declaration does not set forth a cause of action, in that there is no allegation that the defendant was without authority as executrix to endorse the notes. The plaintiff contends that the defendants' authority should be set up by plea.

Prior to the adoption of the *Negotiable Instruments Law* the greatest confusion existed with respect to the liability of one who appeared to sign in a representative capacity, although disclosing the principal or estate.

In some jurisdictions, additions to signatures disclosing a representative capacity were held to be words of description only, and extrinsic evidence was not allowed to show the real nature of the transaction. In other jurisdictions, a more liberal policy prevailed. See *Grafton Nat. Bank v. Wing*, 172 *Mass.* 513, 52 *N. E.* 1067, 43 *L. R. A.* 831, 70 *Am. St. Rep.* 303; *Taylor v. Fluharty*, 35 *Idaho* 705, 208 *P.* 866. Even within some jurisdictions, the decisions were not to be easily reconciled or distinguished. See *Second Nat. Bank v. Midland Steel Co.*, 155 *Ind.* 581, 58 *N. E.* 833, 52 *L. R. A.* 307.

The Legislatures were called upon to clear the waters which the courts had muddied. The language of *Section 20* of the *Uniform Law* plainly indicates an intention to substitute order and common sense for fiction and refinement of reasoning. Adopting a sensible and practical view, the section absolves from personal liability the agent or representative who signs in a representative capacity,

or where the instrument contains words indicating agency or representation, if the signer was duly authorized.

In either case the language of the instrument, or the addition to the signature, is sufficient to put the offeree of the instrument on notice and inquiry as to the existence and extent of the authority of the agent or representative. He is not compelled to accept the instrument, but, if he does, he takes it, primarily at least, for what it purports to be, an engagement not of the one who actually signs it; and there seems to be no good reason to indulge in a presumption that the signer has done an unauthorized act. On the contrary, the offeree, having accepted the instrument, is in no position to contend, by presumption, that the engagement is other than that which it purports to be.

If, therefore, the holder seeks to impose a personal liability upon the signer of an instrument appearing on its face to be the engagement of another named person, it seems not unjust to place upon him the burden of alleging and proving the facts essential to the creation of such personal liability.

Whatever hardship may be said to result from such rule in other cases, certainly there is no hardship here, for the want of authority is ascertainable. The authority of an executor to enter into a contract as maker or endorser will be disclosed by the will, or, possibly, by order of Court. The existence, nature and extent of the authority, or lack of it, are matters of public record, and as much within the knowledge of a plaintiff as of a defendant; and the rule, that facts peculiarly within the knowledge of the adverse party need not be pleaded, is not applicable.

We are of the opinion, therefore, that want of authority is of the gist of an action brought to impose a personal liability upon one who has signed an instrument in a representative capacity and disclosing him for whom he purports

to have acted; and, being an essential of the cause of action, lack of authority must be alleged and proved.

The demurrer to the declaration is sustained.

The second suit is against the defendant as executrix. The judgment, therefore, must be one affecting the assets of the decedent.

The defendant contends that the wording of the transfer is not an endorsement, but is a mere assignment and guaranty to a named person, Marjorie E. Kane, and that, perforce, the guaranty is special affording the plaintiff no right of action. *Carius v. Ohio Contract Purchase Co.*, 30 *Ohio App.* 57, 164 *N. E.* 234, is cited in support of the contention that the language of the transfer amounts to an assignment only. 28 *C. J., Stearns, Law of Suretyship*, (4th Ed.) § 52, and *Pingrey, Suretyship & Guaranty*, (2d Ed.) § 340, are cited as upholding the principle that only the promisee in a special guaranty acquires any right under it.

The plaintiff's contention is, that the language of the transfer constitutes an endorsement of the instrument with an enlarged liability, citing 3 *R. C. L.* 1155; 2 *Daniel Neg. Inst.* (6th Ed.), §§ 1774 *et seq.; Jones County Trust & Savings Bank v. Kurt*, 192 *Iowa* 965, 182 *N. W.* 409, 16 *A. L. R.* 1286.

The immediate question, however, is whether the declaration sufficiently discloses a cause of action by which the decedent's estate may be subjected to liability arising out of the transfer of the notes by her executrices.

Conceding but not deciding that the wording of the transfer amounts to an endorsement with an enlarged liability, the endorsement creates a new, substantive contract entirely separate and distinct from that of the maker. It is equivalent to the drawing of a bill upon the maker,

who stands in the relation of acceptor, in favor of the endorsee. 1 *Daniel Neg. Inst.* (*6th Ed.*), § 669.

■ An executor, generally, and without authority, cannot bind his decedent's estate by making, accepting or endorsing negotiable instruments, for he has not the power to subject the estate to liability through an executory contract having for its object the creation of a new liability not founded upon the contract or obligation of the testator. 1 *Daniel, supra,* § 262; *Schmittler v. Simon,* 101 *N. Y.* 554, 5 *N. E.* 452, 54 *Am. Rep.* 737.

■ It may be otherwise where the executor is given authority by the will, or by order of court under statutory provisions. 1 *Daniel, supra,* § 262; *Harris v. Woodard,* 133 *Ga.* 104, 65 *S. E.* 250; *Prieto v. Leonards,* 32 *Tex. Civ. App.* 205, 74 *S. W.* 41; *Wisconsin Trust Co. v. Chapman,* 121 *Wis.* 479, 99 *N. W.* 341, 105 *Am. St. Rep.* 1032.

■■ *The Uniform Act* does not purport to change the law in this respect, and the plaintiff must be held to the knowledge that the decedent's estate is not responsible to him by reason of the endorsement or transfer of the notes by the executrices in the absence of testamentary authority, order of court, or special circumstances which might serve to remove the case from the operation of the general rule.

The declaration is in the usual form. From all that appears, either by averment or by necessary inference, the deceased, in her life time, acquired the notes from the payee, John I. Kane & Company, which notes, to the amount of their value, formed a part of her personal estate upon her death. There is no averment that the executrices, either by the will, or by order of Court were authorized to bind the estate by endorsing the notes with or without guaranty;

nor is there any averment of special circumstances which might be sufficient to subject the estate to liability.

The declaration is insufficient in law, and the demurrer thereto is sustained.