Freudenwald and wife, Appellants, vs. Christensen, Respondent.

*November 16—December 15, 1948.*

*Lilian M. Kohlmetz* of Milwaukee, for the appellants.

For the respondent there was a brief by *Heft & Burgess* of Racine, attorneys, and *Leo Vaudreuil* of Kenosha of counsel, and oral argument by *Mr. John S. Burgess* and *Mr. Vaudreuil.*

FRITZ, J. Upon undisputed evidence the circuit court found the following facts:

Ferdinand Meyer was the owner of the entire interest in the land in question when he died intestate on August 4, 1932, and thereupon an undivided one-ninth interest therein was inherited by each of his nine surviving children, including Martin Meyer. He, on November 29, 1932, conveyed his one-ninth interest by quitclaim deed to defendant and the deed was duly recorded in the register of deeds' office on December 13, 1932. Subsequently, six of the other heirs of Ferdinand Meyer conveyed their respective undivided one-ninth interests in the land to defendant, who thereupon owned a seven-ninths interest therein. In the probate proceedings in the estate of Ferdinand Meyer, deceased, the county court of Waukesha county provided in a final order on February 23, 1933, that Martin Meyer and his wife owed to said estate $2,440 with interest, on a promissory note; that according to said final order, neither Martin Meyer nor his wife ever filed any affidavit or proof of claim against said estate and no action was ever commenced on said note by the administrator of said estate; and said final order assigned an undivided one-ninth interest in the land to each heir and further ordered that $2,440 with interest was due from Martin Meyer and that his interest and share in all the real and personal property was charged with a lien of said sum from him.

Upon the facts thus found, the circuit court concluded,—

That Martin Meyer's interest in the land passed to him immediately on the death of his father, Ferdinand Meyer. That Martin Meyer never filed a claim against said estate, and that because he did not file such a claim said county court exceeded its jurisdiction and had no power to make an order or enter a judgment impressing a lien on the one-ninth share in the land inherited by Martin Meyer. That in the event said court had the power or jurisdiction to make an order or enter a judgment

against Martin Meyer, and thereby place a lien upon his one-ninth interest in the land, said lien would have been a lien for ten years only and after that it would be barred by the statute of limitations. That the said defendant [Christensen], within a reasonable time after making the contract, was able to convey merchantable title to the seven-ninths interest of the land in question.

On this appeal, as in the circuit court, plaintiffs contend that the title acquired by defendant to said one-ninth interest by conveyance from Martin Meyer was defective because by the county court's final order in the probate proceedings in the estate of Ferdinand Meyer, Martin Meyer's one-ninth interest in the land was charged with a lien of $2,440 and interest. That contention cannot be sustained.

As appears from the county court's statement in the final order—"no written formal claim or proof was offered therein nor has any written claim been filed in said estate by Martin Meyer." Consequently, as no such claim had been presented or filed by Martin Meyer, the county court did not have jurisdiction to make any order or adjudication or to impress a lien upon Martin Meyer's inherited share of the land. That court's jurisdiction in relation to claims of the deceased in off-set to claims of a creditor arises only under the circumstances stated in the provisions of sec. 313.05 (2), Stats., that,—

"When a creditor against whom the deceased had claims shall present a claim to the county court the executor or administrator shall exhibit the claims of the deceased in offset to the claims of the creditor, and the court shall ascertain and allow the balance against or in favor of the estate as the same shall be found." *Estate of George,* 225 Wis. 251, 252, 270 N. W. 538, 274 N. W. 294; Gary, Probate Law (4th ed.), p. 325, sec. 265.

As is stated in *Estate of Kallenbach,* 184 Wis. 171, 175, 199 N. W. 152,—

"The county court obtained jurisdiction to enforce claims against debtors to the estate by reason of the statutes referred to, and it would seem clear that unless a debtor to an estate filed a claim against the estate, the county court would have no

jurisdiction to proceed against the debtor in that court. It could authorize the administrator to begin an action against the debtor in a court of competent jurisdiction. . . . The county court is a court of limited jurisdiction."

But even if the county court had jurisdiction to make the order of February 21, 1933, charging the interest of Martin Meyer in the land with a lien for said sum, the lien thus created would have ceased to be valid and effective upon the expiration of ten years from February 21, 1933, the date of the rendition thereof, by reason of the provisions in sec. 270.79 (1), Stats., that,—

"Every judgment, when properly docketed, and the docket gives the judgment debtor's place of abode and his occupation, trade or profession shall, for ten years from the date of the rendition thereof, be a lien on the real property in the county where docketed. . . ."

Consequently, as that ten-year period expired on February 21, 1943, there was no such lien on the land on January 16, 1946, when defendant agreed to sell his seven-ninths interest therein to plaintiffs or when they became entitled to the conveyance thereof.

Moreover, when Ferdinand Meyer died intestate his real estate descended directly to his heirs at the time of his death, subject to the right of the administrator to sell such part thereof, if necessary, for the payment of the debts of the deceased, expenses of administration, etc. *Riedi v. Heinzl,* 240 Wis. 297, 303, 3 N. W. (2d) 366.

As a one-ninth interest in the land had descended to Martin Meyer upon his father's death on August 4, 1932, Martin Meyer's deed to the defendant Christensen, dated November 29, 1932 (recorded December 13, 1932), operated and was effective as of November 29, 1932, to convey said one-ninth interest to defendant; and the title thereto, which he then acquired, did not become subject to any lien by virtue of the county court's final order on February 21, 1933.

*By the Court.*—Judgment affirmed.