Emil H. FERRIS and The Boatman's National Bank of St. Louis, a national banking association, executors de bonis non of the Estate of Nancy G. Ferris, Deceased, Plaintiffs-Respondents and Cross-Appellants,

v.

FIRST NATIONAL BANK & TRUST COMPANY OF RACINE, a national banking association, Trustee of the Trust for the Benefit of Julie Carlin Jorgenson, pursuant to the Paragraph Third of the Last Will and Testament of Warren R. Jorgenson, Defendant-Appellant and Cross-Respondent.†

Court of Appeals

*No. 79-737. Submitted on briefs January 22, 1980.—Decided April 9, 1980.*
(Also reported in 292 N.W.2d 357.)

† Petition to review denied. ABRAHAMSON, J., took no part.

For the defendant-appellant, a brief was submitted by *Constantine, Christensen, Krohn & Kerscher* of Racine.

For the plaintiffs-respondents, a brief was submitted by *Reinhart, Boerner, Van Deuren, Norris & Rieselbach* of Milwaukee.

Before Cannon, J., Brown, J. and Bode, J.

BODE, J.   Defendant First National Bank and Trust Company of Racine appeals from an amended judgment in favor of plaintiffs Emil H. Ferris and the Boatman's National Bank of St. Louis for $26,950 plus interest from January 4, 1965 at an annual rate of 5%. The plaintiffs cross-appeal from that portion of the judgment continuing the rate of interest at 5% from and after November 24, 1971.

The relevant facts out of which this action arose were stipulated to by all parties for purposes of summary disposition by the trial court. Warren R. Jorgenson died on May 20, 1963. Mr. Jorgenson, then a resident of Waukesha county, left a duly executed will dated December 16, 1955, which provided in part:

FIRST: It is my will that all of my just debts, funeral expenses, and all charges be paid out of my personal property.

SECOND: I give and bequeath Ten Thousand and No/100 Dollars ($10,000.00) to my brother, MELVIN W. JORGENSON, in Trust, to be used by him for the care and maintenance of my mother, JENNIE A. JORGENSON, during the term of her natural life and after all of her funds have been expended. Any sum remaining after her death shall be paid by my brother, MELVIN W. JORGENSON, to my daughter, JULIE CARLIN JORGENSON.

THIRD: All the rest, residue and remainder of my estate, of whatever name, title or description, real, personal or mixed, and wherever the same may be located, I give, devise, and bequeath to my daughter, JULIE CARLIN JORGENSON, as follows: Ten Thousand and No/100 Dollars ($10,000.00) to be paid to her on her Twenty-fifth (25th) birthday; Ten Thousand and No/100 Dollars ($10,000.00) to be paid to her on her Thirtieth (30th) birthday; and the balance of my estate to be paid to her on her Thirty-fifth (35th) birthday.

FOURTH: I do make, constitute and appoint my secretary, GERALDINE M. WEGNER, as and for Executrix of this my Last Will and Testament; and I will and direct that my Executrix be not required to give any bond or security for the faithful discharge of said trust.

At the time of his death, Mr. Jorgenson owned, among other things, some eighteen separate parcels of real estate, including a 160 acre farm in the Town of Delafield.

Following probate of Mr. Jorgenson's will on July 2, 1963, Nancy L. Gerber filed a claim against the estate in the amount of $26,950 on August 27, 1963. The claim was based upon personal loans previously made by Gerber to Mr. Jorgenson.

On January 4, 1965, the county court entered judgment on claims filed against the estate ordering payment on the Gerber claim to be made when adequate funds became available. On March 2, 1967, the court determined

the amount of cash and personal property held by the executrix to be $23,250.21 and distributed those funds pursuant to the will. The court further assigned the real estate to the defendant First National Bank and Trust Company of Racine to be held in trust for the benefit of Julie Carlin Jorgenson. The court also impressed a lien upon the real estate to secure the claim of Nancy Gerber. An amended judgment entered July 9, 1969 was substantially the same in all material respects except that the amount of personal property found to be held by the executrix was raised from $23,250.21 to $25,250.21.

On December 16, 1975, the defendant, as trustee of the real estate, sold the Town of Delafield farm and placed the proceeds of the sale in escrow to pay any valid and enforceable lien of the plaintiffs. The plaintiffs thereafter commenced this action on November 5, 1976 seeking a money judgment in the amount of $26,950 plus interest and costs and, in the alternative, foreclosure of the lien imposed upon the real estate by the county court. By way of affirmative defenses, the defendant asserted that the county court had no jurisdiction to impress a valid lien upon the real estate and that any claim the plaintiffs may have against the real estate was barred by the applicable statute of limitations. A stipulation of facts relevant to the issues was entered into by both parties whereupon both moved for summary judgment.

The trial court, the Honorable Clair Voss presiding, granted the plaintiffs' motion. Judge Voss found that it was within the broad plenary powers of the county court acting in probate to impose a lien upon real estate under the court's jurisdiction. He further found that the applicable statute of limitations was ten years from the date of final judgment of the claim as set forth in sec. 808.15(1), Stats. Therefore, the plaintiffs' claim was not barred by the statute.

Subsequently, the trial court, the Honorable Harold Wollenzien presiding, held that the plaintiffs were entitled to interest on the amount of the claim from January 4, 1965 to the date of payment at a rate of 5%. The defendant has appealed from the entire judgment challenging the jurisdiction of the county court to impose a lien upon the real estate and again asserting the statute of limitations as a bar to the plaintiffs' claim. The plaintiffs have cross-appealed from that portion of the judgment allowing interest on the claim at a rate of 5% rather than 7% from and after November 25, 1971.

### AUTHORITY OF THE COUNTY COURT ACTING IN PROBATE TO IMPOSE A LIEN UPON REAL ESTATE

Defendant's argument that the county court was without jurisdiction to impose a lien upon the subject real estate is based on the fact that an administrator or executrix of an estate may not encumber subject real estate absent specific authorization to do so in the decedent's will or unless the probate court grants such power under the provisions of Chapter 316, Stats. *See Riedi v. Heinzl*, 240 Wis. 297, 3 N.W.2d 366 (1942); *Wisconsin Trust Company v. Chapman*, 121 Wis. 479, 99 N.W. 341 (1904). Defendant contends, therefore, that because the county court did not proceed under Chapter 316, the court was without jurisdiction to impose a lien on the real estate.

We disagree. Although an executrix or administrator of an estate may only acquire authority to encumber estate property through the declarations of a will or through a Chapter 316 proceeding, we do not view the authority of a county court acting in probate to be so restricted. Section 313.28, Stats. (1965), provides:

313.28 Legatees to pay debts. The estate, real and personal, given by will, when required for that purpose, shall

be held liable for the payment of debts, expenses of administration and family expenses in proportion to the several devises and legacies; except that specific devises and legacies, and the persons to whom made, shall be exempted if there is other sufficient estate and it shall appear necessary in order to effect the intention of the testator.

It is clear that the personal property of the testator was inadequate to satisfy the claims against the estate. Therefore, the remainder of the estate (excluding the specific bequest of $10,000) was liable to the claims of bona fide creditors. Thus, the real estate making up the residuary estate was subject to the plaintiffs' claim.

Section 313.32, Stats. (1965), provides:

313.32   How liability fixed.   The county court may, by judgment for that purpose, settle the amount of the several liabilities as provided in the preceding sections and adjudge how much and in what manner each person shall contribute, and may issue execution to enforce its judgment as circumstances may require. The claimant may also have a remedy by any proper action.

The above language, in our opinion, clearly grants a county court acting in probate the authority to impose a lien upon real estate to insure satisfaction of a legitimate claim against the estate. Because the court may "settle the amount of the several liabilities" and "may issue execution to enforce its judgment as circumstances may require," we believe the authority to impose a lien upon real estate is impliedly granted by the statute. If we held otherwise, the power of a probate court to enforce its judgment would be severely diminished. The statutory language is necessarily broad so as to allow the court to give effect to its determinations concerning estate liabilities. It was well within the statutory jurisdiction of the county court to impose a lien upon estate property in satisfaction of a legitimate claim.

In addition to the statutory authority, we believe the imposition of a lien is within the plenary jurisdiction of a county court acting on probate matters as well. It is well settled in this state that the jurisdiction of the county court extends to all matters "relating to the settlement of . . . estates . . . ." Sec. 253.10, Stats. (1965). The scope of this jurisdiction has been broadly construed as noted in *Will of Robinson,* 218 Wis. 596, 603, 261 N.W. 725, 728 (1935).

Under our law, the administration of an estate both under the will of the deceased and under letters of administration is a duty charged upon the county court. It is an active and not a passive function which the court assumes in these cases. While the county courts derive their powers from the statutes, they have plenary jurisdiction in all matters of administration, settlement, and distribution of estates of decedents, and their jurisdiction is in considerable part concurrent with that of courts of equity. [Citations omitted.]

The county court, therefore, was vested with both statutory and plenary jurisdiction sufficient to impose a lien upon the testator's estate.

## STATUTE OF LIMITATIONS

Defendant contends the trial court erred in refusing to find the present action is barred by the statute of limitations. They rely upon *Clark v. Sloan,* 215 Wis. 423, 430, 254 N.W. 653, 656 (1934), for the proposition that an action by an unpaid creditor against the legatees and devisees of an estate must be brought within six years after distribution of the estate property.

The final judgment of March 2, 1967 imposed a lien upon Mr. Jorgenson's real estate. Defendant argues that the plaintiffs' right to commence an action for enforce-

ment of that lien expired on March 2, 1973. Therefore, the present action, commenced on November 5, 1976, is barred.

■

We cannot agree. Section 806.15(1), Stats. (1975), sets forth a ten-year period of limitation for a properly docketed judgment. *See Freudenwald v. Christensen,* 254 Wis. 58, 35 N.W.2d 221 (1948). The present action was properly commenced within ten years.

## INTEREST RATE

The parties agree that the plaintiffs are entitled to interest on the judgment at 5% from January 4, 1965, the date of judgment, until November 24, 1971. Effective on the latter date, the legislature amended secs. 271.04(4) and 272.05(8), Stats. (later renumbered to secs. 814.04(4) and 815.05(8)), to increase the rate of interest from the date of verdict until entry of judgment and from execution upon the judgment until recovery to 7%. Plaintiffs contend, therefore, that interest on the judgment accrues at a rate of 7% from the effective date of the amendment to the present.

■

In his decision holding that interest continued to accrue at only 5% after the amendment, Judge Wollenzien found that the legislature did not specifically increase the interest rate from the entry of judgment until execution. Recently, however, in *Jones v. Jenkins,* 88 Wis.2d 712, 727, 277 N.W.2d 815, 821 (1979), the supreme court addressed this question and found otherwise, stating: "The legislative intent clearly establishes interest at seven percent from the date of the verdict to the date of payment." Therefore, interest on the plaintiffs' claim accrues at a rate of 7% from November 25, 1971 until

recovery. Accordingly, the decision of Judge Wollenzien holding interest for that period to accrue at only 5% is reversed.

*By the Court.*—Judgment affirmed in part, reversed in part.